# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS INC., | : : : : |
| Plaintiff, | : Civil Action No.: 2:12-cv-06796-NIQA |
| v. | : (LEAD CASE) |
| TOSHIBA AMERICA BUSINESS SOLUTIONS, INC., | : : : : |
| Defendant. | : |

**DECLARATION OF IVAN ZATKOVICH IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRE-ISSUANCE DAMAGES AND ABSOLUTE INTERVENING RIGHTS**

I, Ivan Zatkovich, hereby declare:

**I.     BACKGROUND AND QUALIFICATIONS**

1.     My name is Ivan Zatkovich. I am over 21 years of age, am of sound mind, and am competent to make this declaration.

2.     I was a paid for this declaration by the hour and payment was not contingent on nor dependent on the content of my opinions herein.

3.     This declaration provides how a person of ordinary skill in the art at the time of the invention would interpret the claim scope of certain terms that were amended during the reexaminations of the Patents-in-Suit.[1]

---

[1]     The "Patents-in-Suit" include U.S. Patent No. 6,894,811, U.S. Patent No. 7,489,423, U.S. Patent No. 8,040,574, and U.S. Patent No. 8,294,915.

4. I have over 30 years experience in Computer Science and EE digital circuit design including embedded systems, network device interfaces, peripheral interface drivers including fax and printer interfaces, Wired and wireless protocols including Wifi, Bluetooth, and USB.

5. In my profession experience I have designed and/or managed the development of communications and peripheral interfaces including the following:

> A. **Digital Equipment Corporation –**
> - Hi-Speed Communications - Ethernet drivers, Device drivers for disks & tape storage.
> - Computer Telephony Interface system for storing and retrieving voice, data, fax messages.
> - Network communication drivers for Synch, Asynch, Ethernet, & Parallel communications.
> - Peripheral interfaces – Design of peripheral interfaces and protocols, printers, mice
>
> B. **eComp Consultants**
> Development of high speed wireless communications, wifi mesh network systems, USB and Bluetooth communications, and evaluation of network and telecommunication patents.
>
> C. **GTE/ Verizon – Wireless, Ethernet, ISDN communications**
> X10 and Ethernet communications over Powerlines
> Wireless communications, signal detection and filtering
>
> D. **Utility Partners**
> Broadband and Communications over Powerline for Automatic Meter Reading
> Wireless communication - Signal Strength measurement and Multi-channel filtering
>
> E. **Tanning Technology**
> Hand held wireless - Citicorp: Designed and implemented wireless PDA & Cell phone applications for electronic Trading Info System.

6. I have also been retained as an expert witness to testify in the following related matters:

> A. **Bear Creek v. Verizon, AT&T, et.al. - Patent Litigation**
> Testifying expert in Network communication and data buffering and routing, Voice over Internet Protocol. Provided report on patent infringement and Invalidity rebuttal.
>
> B. **Black Hills v. Samsung, LG, Panasonic, et.al. – ITC Patent Litigation**
> Testifying Expertise in Network device interfaces, media data streaming, wireless and Ethernet communications.

    C. **Nuance Communications v. TellMe Networks (Microsoft) - Patent Litigation**

    Testifying expert in speech recognition, digital signal pattern matching, and network communications. Prior art investigation, opinions on patent invalidity and non-infringement.

    D. **ABC v. ENC, CISCO, et.al. - Patent Litigation**

    Testifying expert in Network communications, Replication of USB port signals, Remote control of Video & TV signal controllers. Provide Infringement reports and invalidity rebuttal reports and deposition.

    E. **Black Hills Media v Sonos - Patent Litigation**

    Expertise in communication with smart peripherals, wireless and Multi-host USB communications protocols, Channel determination, signal switching and scrambling. Provide report on patent non-Infringement and Invalidity.

## II. MATERIALS CONSIDERED

7. In connection with preparing this declaration I have reviewed the following materials:

- Each of the Patents-in-Suit and their corresponding file histories;

- U.S. Patent No. 5,530, 558 and its corresponding file history; and

- The Declaration of Marc E. Levitt in Support of Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment on Pre-Issuance Damages and Absolute Intervening Rights (the "Levitt Declaration")

## III. A POSITA WOULD UNDERSTAND THAT BOTH THE ORIGINAL AND AMENDED CLAIM TERMS HAD THE SAME CLAIM SCOPE.

### A. The First Group of Amendments

8. After reviewing the Patents-in-Suit as a whole, in view of the specification and prosecution history, it is my opinion that a POSITA would agree with Infinity's proposed construction that the "send/receive driver communications software" was "generic" both before and after the reexamination amendments. In this respect, it is my expert opinion that the positions, facts, and analysis set forth in the Levitt Declaration are correct, which I incorporate herein.

3

### B. The Second Group of Amendments

9. After reviewing the Patents-in-Suit as a whole, in view of the specification and prosecution history, it is my opinion that a POSITA would agree with Infinity's proposed construction that the second group of claims amendments (i.e., inserting "using an unmodified standard protocol for" in front of "shifting the personal computer to..." did not change the claim scope of the original terms.

10. In this respect, it is my expert opinion that the positions, facts, and analysis set forth in the Levitt Declaration are correct, which I incorporate herein.

I declare under penalty of perjury that the foregoing is true and correct to the best of my ability.

Dated: March 9, 2018

Ivan Zatkovich

4