IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-463-LPS-CJB |
| | ) | |
| OKI DATA AMERICAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT OKI DATA AMERICAS, INC'S MOTION
FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT**

After eight years of litigation, plaintiff Infinity Computer Products, Inc. ("Infinity") accused, *inter alia*, two prior art Oki Data Americas, Inc. ("ODA") products of infringing every asserted claim of each asserted patent. *Evans Cooling Sys., Inc. v. GMC*, 125 F.3d 1448, 1451-52 (Fed. Cir. 1997) (affirming entry of summary judgment, and holding that an accusation of infringement is sufficient to meet a defendant's burden to show anticipation by clear and convincing evidence). Infinity has twice confirmed its accusation.

Eighteen months remain until the parties are permitted to *file* case dispositive motions. (Scheduling Order, ¶ 17 (D.I. 107)). Good cause thus exists to modify the Scheduling Order to permit ODA to file a case dispositive motion now. This motion, if granted, will end the litigation. Absent relief, there is little prospect that this issue will be decided for nearly two years, long after the Court entertains and decides *Markman*, and long after the parties expend tremendous efforts on discovery on the 100-plus accused products, take up to the 55 hours of fact depositions permitted by the Scheduling Order, prepare expert reports and depose expert witnesses, prepare additional case dispositive motions, and begin trial preparations.

ODA moves for leave to file a summary judgment motion regarding anticipation of all asserted claims by these two prior art products based on Infinity's twice-confirmed accusation of infringement against them. In support of its motion, ODA states as follows:

## SUMMARY OF ARGUMENT

1.     Good cause exists to modify the Scheduling Order. The proposed motion promotes efficient case management by resolving the action without burdening the Court and the parties with claim construction, fact discovery, expert discovery, and trial. It is straightforward and brief. All relevant facts are established, no claim construction is required, ongoing discovery will have no impact on the elements of the defense, and it will resolve all asserted claims. Addressing the motion now does not increase the burden on the parties or the Court in any way.

## UNDISPUTED FACTS

2.     The present dispute has been pending for more than eight years, but the February 28, 2020 summary judgment deadline remains distant, and the parties and the Court will have to expend considerable additional effort to reach it. (D.I. 107, ¶ 17). This burden is significant. *See, e.g*, American Intellectual Property Law Association, *2017 Report of the Economic Survey*, at I-118-123 (2017) (Exh. A) (patent litigation costs through discovery, motions, and claim construction can reach millions of dollars, depending on the amount of damages claimed).

3.     Infinity has explicitly confirmed—twice—that two ODA prior art products are "accused products," and has confirmed that they are accused along with the associated computer hardware and software necessary to practice the claims. Infinity's August 20, 2018 infringement contentions "accuse[] [ODA] of infringement by making, using, selling, offering for sale and import[ing]" the "Oki Data DOC-IT3000" and "Oki Data DOC-IT4000" products, as well as their "associated hardware, computer hardware, internal semiconductors, software and data, and processes and methods related thereto" (collectively, the "Oki prior art products"). (Exh. B

(excerpts from August 20, 2018 infringement contentions)).  Based on its investigations over the past eight years, Infinity alleged the prior art DOC-IT products were "substantially similar" to the other accused products.  (*Id.*).  Infinity later confirmed the prior art DOC-IT products—along with over 100 other ODA products—were "accused."  (Exh. C (Infinity's August 15, 2018 letter to J. Shaw); *see also* Exh. D (ODA's response)).

4. Infinity claims that its four asserted patents are entitled to a priority date of April 11, 1994, the filing date of the earliest related application.[1]

5. ODA announced the availability of the prior art products on September 28, 1992.  (Exh. E).  The New York Times covered the release of those products the following day.  *New Product from Okidata*, N.Y. Times, Sept. 29, 1992, at D5 (Exh. F).  Shortly thereafter, PC Magazine published an article describing the author's "test[ing]" of the DOC-IT 4000, providing screen shots of the product in use.  Bruce Brown, *Print, Fax, Copy, and Scan with Okidata's All-In-One DOC-IT*, PC Magazine, Feb. 23, 1993, at 37, 39 (Exh. G) (*see also* Exh. H (excerpts from product manuals showing 1992 and 1993 copyright dates)).  There is no basis for contesting the importation, public availability, offer for sale, use, or sale of the prior art products more than one year before the earliest possible priority date of the patents in suit.

## ARGUMENT

6. A scheduling order may only be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  Good cause exists because permitting an early summary judgment motion will promote the efficient and complete resolution of this action, and because the motion is well supported with undisputed facts.  If granted, the motion will resolve the entire case (and the ten

---

[1] ODA disputes that the patents-in-suit are entitled to claim priority to that date, but that dispute does not impact the motion.

3

Infinity cases pending in other districts), avoiding the need for claim construction, document production, fact depositions, expert reports, expert depositions, *Daubert* motions, or the resolution of the pending intervening rights motion (D.I. 112).  Even if denied, there is no loss of efficiency, because the parties will have fewer pages to brief later summary judgment motions.

       7.       The proposed motion is a straightforward application of Federal Circuit precedent to undisputed facts, without any need for claim construction.  The Federal Circuit held in *Evans Cooling* that an accusation of infringement against a product is sufficient to meet the defendant's burden of proof of showing by clear and convincing evidence that that product anticipates, if the defendant can show that the product was sold before the priority date of the invention.  125 F.3d at 1451-52.  It confirmed this holding in *Vanmoor v. Wal-Mart Stores, Inc.*, stating that "[a]lthough [defendants] bore the burden of proving that the cartridges that were the subject of the pre-critical date sales anticipated[,] that burden was satisfied by [plaintiff's] allegation that the accused cartridges infringe . . . ."  201 F.3d 1363, 1366 (Fed. Cir. 2000); *see also Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1378 (Fed. Cir. 2001) ("it is axiomatic that that which would literally infringe if later anticipates if earlier").  Here, there is no dispute that Infinity has accused the products and that they are "described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the [earliest alleged] application for patent in the United States."  35 U.S.C. § 102(b) (pre-AIA).

WHEREFORE, ODA respectfully requests that the Court grant ODA leave to file a summary judgment motion regarding anticipation by accused prior art products.

Respectfully submitted,

SHAW KELLER LLP

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Jeff Castellano (No. 4837)
Andrew E. Russell (No. 5382)
I.M. Pei Building

OF COUNSEL:
Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
NAGASHIMA HASHIMOTO & YASUKUNI
12005 Sunrise Valley Drive, Suite 203
Reston, VA 20191
(703) 901-8860

1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
arussell@shawkeller.com
*Attorneys for Oki Data Americas, Inc.*

Dated: September 5, 2018