IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 18-463-LPR-CJB |
| OKI DATA AMERICAS, INC., | § § § | |
| *Defendant.* | § § | |

**PLAINTIFF INFINITY'S OPPOSITION TO DEFENDANT OKI DATA'S
MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT**

Infinity Computer Products, Inc. ("Plaintiff" or "Infinity") hereby submits this brief in opposition to the Motion for Leave to File a Motion Summary Judgment (D.I. 125) (the "Motion") filed by Defendant Oki Data Americas, Inc. ("Defendant" or "Oki Data").

## I.   INTRODUCTION

The parties jointly submitted, and this Court entered, a Scheduling Order in June 2018 (D.I. 107). The Scheduling Order provides that "[n]o case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date [*i.e.*, the date for case dispositive motions] without leave of the Court." *Id.* at ¶ 17(a); *see also* ¶ 17. This provision was included in the Scheduling Order for the precise reasons that Oki Data seeks to circumvent now: the ability to first complete discovery relevant to any dispositive motion, and to allow the claims to be construed.

Oki Data drastically overstates its position. Infinity identified the "Oki Data DOC-IT3000" and "Oki Data DOC-IT4000" (the "DOC-IT Devices") as "Relevant Products" in its disclosure dated June 8, 2018. *See* Exhibit 1. On August 20, 2018, Infinity preliminarily included these Relevant Products among its identification of Oki Data's relevant products. *See* Exhibit 2. A discovery schedule has not been put into place in this case, and Infinity has had no opportunity to

take discovery relative to the capabilities or operation of these devices. Infinity has not yet submitted any infringement claim chart relative to either DOC-IT device.

## II. ARGUMENT

The Motion should be denied for two reasons: (1) Infinity should be afforded the opportunity to take discovery of the precise teaching and operation of any reference before dispositive motion practice relating to invalidity; and (2) before determining validity, the claims must be construed.

### A. INFINITY SHOULD BE ALLOWED FACT DISCOVERY

The agreed Scheduling Order provides that dispositive motions will follow fact discovery. That sequencing was based on the understanding that fact and possibly expert discovery may be necessary before summary judgment proceedings are appropriate.

Oki Data would seize on an apparent error by Infinity in identifying the DOC-IT Devices as reasonably similar to the representative device that was charted. They were listed among "Relevant Devices" in the disclosure dated June 8, 2018 (attached as Exhibit 1) and referenced in the preliminary contentions on Exhibit 2. They were not charted.

The DOC-IT Devices, however, appear readily differentiable based on the scant public information available. As set forth on Exhibit 3, the DOC-IT Devices require a controller processor board be installed in a PC to operate, along with proprietary Oki Data software:

> [T]he DOC-IT system consists of three elements: a desktop document processor (DOC-IT DDP); a controller processor board (DOC-IT Controller) -- for insertion into a PC/AT-compatible personal computer; and DDP management software (DOC-IT Manager).

Exhibit 3 at 1. The DOC-IT Controller is proprietary to Oki Data and necessary for operation:

> The second element of the system is the DOC-IT Controller, a full-sized 16-bit industry standard architecture (ISA) board features a 32-bit Intel i960 reduced

2

instruction set computing (RISC) microprocessor. The controller includes proprietary ASIC chips (developed by OKI Semiconductor Group).

*Id.* at 2.

Based on a further review of this public documentation, it does not appear that the DOC-IT Devices satisfy at least the following elements of claim 1 of the '811 patent: (1) A method of creating a scanning capability from a facsimile machine to a computer, with scanned image digital data signals transmitted through a bi-directional direct connection via a passive link between the facsimile machine and the computer; or (2) said computer being equipped with unmodified standard protocol send/receive driver communications software enabling the reception of scanned image signals from the facsimile machine. *See* D.I. 1 at 37 (col 9; ln. 17-38).

### B. The Claims Must Be Construed Before Determining Invalidity

Before infringement or validity can be determined, the claims must be construed. "It is elementary in patent law that, in determining whether a patent is valid and, if valid, infringed, the first step is to determine the meaning and scope of each claim in suit." *Lemelson v. Gen. Mills Inc.*, 968 F.2d 1202, 1206 (Fed. Cir. 1992). "A claim must be construed before determining its validity just as it is first construed before deciding infringement." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 996 n.7 (Fed. Cir. 1995) (Mayer, J., concurring), aff'd, 517 U.S. 370 (1996); *see also Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001)

Generally speaking, a patent is invalid if the prior art reveals the claimed invention. In particular, a patent is invalid if the invention was known or used by others prior to the applicant's invention, or if it was patented or described in a printed publication or in public use or on sale more than one year before the application was filed in the United States. *See* 35 U.S.C. §§102(a), (b). In patent law vernacular, §102 invalidity is called "anticipation" or "lack of novelty." In addition, a patent is invalid, even if the claimed invention is not completely disclosed in a single

prior art publication, if the differences between the prior art and the claimed invention would have been obvious to one of ordinary skill in the art at the time of the applicant's invention. *See* 35 U.S.C. §103. Invalidity under §103 is called "obviousness," and is usually shown by presenting more than one prior art publication along with evidence that, at the time of the invention, one of ordinary skill in the relevant would have been motivated to combine them.

Anticipation and obviousness depend on claim construction, and therefore a motion based on such grounds is best filed only after the court has ruled on what the claims mean.  In fact, some courts discourage summary judgment motions until after claim construction, or until the close of discovery.  Motions based on anticipation or obviousness usually include testimony of one or more experts to explain what one having ordinary skill in the art would understand was disclosed in the prior art. Because a party often will not want its expert to offer opinions (and/or to be deposed) until significant discovery has occurred in the case, motions on these grounds generally are not filed early.  Anticipation depends primarily on the meaning of the claims in the asserted patent and the disclosures made in the prior art publication. Thus, the inquiry is by its nature relatively objective. Obviousness, on the other hand, generally requires consideration of how one of ordinary skill in the art would have been motivated to combine the teachings of more than one piece of prior art—a much more subjective inquiry, and therefore one more likely to involve disputed facts (or, at a minimum, disputed expert opinions).

C. **Oki Data's Cases Are Inapposite**

Oki Data relies most heavily on *Evans Cooling Sys. Inc. v. Gen. Motors Corp*., 125 F.3d 1448 (Fed. Cir. 1997), attempting to show that it need not prove that each and every element of the patent claims at issue has been anticipated. In *Evans Cooling*, the product that was on sale prior to the patent's priority date (*i.e.*, the LT1 engine) actually contained every element of the claimed

4

invention, which was an engine cooling system. *Evans Cooling*, 125 F.3d at 1451. That is unlike the present case, where Oki Data's press release indicates the product is not invalidating prior art.

Furthermore, the inclusion in *Evans Cooling* of the LT1 engine was deliberate; it was not the result of that product being inadvertently included on a list of hundreds of products that could meet a single claim term. Rather, as the *Evans Cooling* court stated: "the entire basis of the lawsuit is Evans' – the patentee's – contention that the LT1 engine – the device put on sale – contains a cooling system that infringes." *Id.* at 1451. Likewise, in *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1364 (Fed. Cir. 2000), "the entire basis of the patent infringement claim is Vanmoor's (the patentee's) contention that the accused cartridges infringe." *Id.* at 1366. Consequently, the facts in *Evans Cooling* and *Vanmoor*, for example, are critically distinct from the present case where Infinity regrettably made a mistake totaling less than a relatively small error when it complied its list of Oki Data Relevant Products.

### III. CONCLUSION

For the above stated reasons, Infinity respectfully requests that the Court deny Defendant's Motion.

Dated: September 19, 2018    Respectfully submitted,

*/s/   William J. Rhodunda, Jr.*
William J. Rhodunda, Jr. (No. 2744)
Chandra J. Williams (No. 4907)
Rhodunda Williams & Kondraschow
Brandywine Plaza West
1521 Concord Pike, Suite 205
Wilmington, DE 19803
Telephone: (302) 576-2000
Facsimile:  (302) 576-2004
bill@rawlaw.com
chandra@rawlaw.com

Andrew G. DiNovo (admitted *pro hac vice*)
Nicole E. Glauser (admitted *pro hac vice*)
Gabriel R. Gervey (admitted *pro hac vice*)
DiNovo Price LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile:  (512) 539-2627
adinovo@dinovoprice.com
nglauser@dinovoprice.com
ggervey@dinovoprice.com

*Counsel for Plaintiff*
*Infinity Computer Products Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2018 a copy of the foregoing was served by the Court's ECF system on the attorneys of record.

*/s/   William J. Rhodunda, Jr.*
William J. Rhodunda, Jr.
