# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC. | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | C.A. No. 18-463 (LPS) |
| | : | |
| OKI DATA AMERICAS, INC. | : | |
| *Defendant* | : | |

**<u>Plaintiff's Disclosures Pursuant To Paragraph 7 of the Scheduling Order</u>**

Pursuant to Paragraph 7 of the agreed upon Scheduling Order, Plaintiff Infinity Computer Products, Inc. ("Infinity" or "Plaintiff") provides Defendant Oki Data Americas, Inc. ("Defendant") with the following disclosures. These disclosures are based upon Infinity's current interpretation of the claims of U.S. Patent Nos. 6,894,811 (the "'811 Patent"), 7,489,423 (the "'423 Patent"), 8,040,574 (the "'574 Patent"), and 8,294,915 (the "'915 Patent") (collectively, the "Patents-in-Suit") and publicly available information describing Defendant's proprietary products, systems, and relationships. Infinity reserves the right to amend its disclosures based on information that it obtains through discovery and otherwise as this case progresses, including but not limited to by providing claim charts pursuant to the deadlines in the Scheduling Order. Infinity reserves the right to amend its disclosures responsive to claim construction proceedings and claim construction rulings by the Court. In addition, Infinity reserves the right to amend its disclosures based on any proceedings before the United States Patent and Trademark Office regarding Infinity's patents, including the Patents-in-Suit, and otherwise for good cause.

**I.     Accused Methods and Asserted Claims**

Infinity contends that Defendant has infringed the following claims of the Patents-in-Suit under 35 U.S.C. § 271(a), (b), and (c):

- '811 Patent, Claims 1-2, 4, 6-7, 18-20
- '423 Patent, Claims 1-4, 6
- '574 Patent, Claims 1-2, 4, 5, 7-8
- '915 Patent, Claims 1, 6-9, 14-15

Further, Infinity states Defendant and end-users of "Relevant Products" and computers practice the asserted methods claimed by the Patents-in-Suit.[1]  More detail will be provided in Infinity's August 20, 2018 claim charts pursuant to the Scheduling Order.  This identification is based on Infinity's current understanding of the accused technology and interpretation of the Patents-in-Suit.  Infinity reserves the right to supplement its identification as discovery proceeds, in response to a claim construction order, or otherwise for good cause.

**Inducement (35 U.S.C. § 271(b))**

Defendant induced infringement of all of the asserted claims listed above by intentionally instructing and encouraging their customers and/or end-users to set-up and use the Relevant Products, which Defendant knew to have constituted direct infringement of the asserted claims of the Patents-in-Suit.  Defendant intentionally provided or provided access to detailed instructions and technical support regarding how to set-up and operate the Relevant Products and/or Computers in manners that it knew to infringe the asserted claims of the Patents-in-Suit, including, for example, by providing user manuals and technical support for each Relevant Product.  Defendant also induced infringement by providing employee training, advertisements,

---

[1]     "Relevant Products" are Defendant's devices that include faxing, scanning, and printing functionalities, including such products listed in the attached Exhibit 1.

and marketing materials that encouraged end-users to use Relevant Products and/or Computers in manners that Defendant knew to infringe the asserted claims of the Patents-in-Suit. Defendant also induced infringement by, for example, entering marketing and sales agreements with retailers and by providing components used in infringement, such as the Relevant Products, printing and scanning applications, printer drivers, firmware, and/or software and software updates.

**Contributory Infringement (35 U.S.C. § 271(c))**

Defendant contributorily infringed the asserted claims of the Patents-in-Suit by offering for sale, selling, and/or importing into the United States the Relevant Products. Defendant knew that the Relevant Products constitute material components of the claimed methods having no substantial noninfringing uses. Defendant's customers and/or end-users committed direct infringement when they set-up and/or used the Relevant Products. The Relevant Products have no substantial noninfringing uses because they include a combination of hardware and/or software elements (e.g., scanners, printers, interfaces, etc.) that are designed specifically for use in the patented methods, and as taken together, have no substantial use other than to be used in the direct infringement of the Patents-in-Suit.

II. **Damages Model**

At a minimum, Plaintiff is entitled to reasonable royalties to compensate for Defendant's infringement, pre-judgment interest and post-judgment interest. The calculation of a reasonable royalty is based on a "hypothetical negotiation" approach, wherein a licensing negotiation between a willing licensor and willing licensee takes place, requires consideration of several factors including consideration of comparable royalty rates for analogous technologies. Plaintiff may also request the Court to increase damages awarded by three times as provided by 35 U.S.C. § 284, and/or to assess attorney fees against Defendants, pursuant to 35 U.S.C. § 285.

The computation of Plaintiff's damages requires information that is in the possession, custody, or control of one or more Defendants. This information may include, among other things, the number of Relevant Devices made, sold, offered for sale, used, or imported into the United States, the amount of convoyed sales, the amount that relevant features are used by end-users, and the revenues and profits earned from such Relevant Devices and/or relevant features.

Plaintiff is unable to provide a computation of damages at this time. Plaintiff will supplement this disclosure as soon as possible following discovery when it can provide such a computation.

|  |  |
|---|---|
|  | **DILWORTH PAXSON LLP** |
| Dated:  June 8, 2018 | */s/ Peter C. Hughes* <br> Peter C. Hughes (ID No. 4180) <br> One Customs House <br> 704 King Street, Suite 500 <br> P.O. Box 1031 <br> Wilmington, DE  19801 <br> Telephone:  (302) 571-9800 <br> Facsimile:  (302) 571-8875 <br> phughes@dilworthlaw.com <br> *Counsel for Plaintiff,* <br> *Infinity Computer Products, Inc.* <br> **DILWORTH PAXSON LLP** <br> Thomas S. Biemer, Esquire* <br> John J. Higson, Esquire* <br> Edward F. Behm* <br> Mark W. Halderman* <br> Nicole N. Lai* <br> 1500 Market Street – Suite 3500E <br> Philadelphia, PA 19102 <br> Telephone:  (215) 575-7155 <br> Facsimile:  (215) 575-7200 <br> tbiemer@dilworthlaw.com <br> jhigson@dilworthlaw.com <br> ebehm@dilworthlaw.com <br> mwhalderman@dilworthlaw.com <br> nlai@dilworthlaw.com <br> *Admitted pro hac vice* <br> *Counsel for Plaintiff,* <br> *Infinity Computer Products, Inc.* |

4

**EXHIBIT 1**

**OKI'S RELEVANT PRODUCTS**

| | | |
|---|---|---|
| B2520MFP | ES5462 & 5462dw | MB491StateofNY |
| B2540MFP | ES5473 | MB492 |
| B4545MFP | ES8473 | MB562w |
| C3530nMFP | MB280MFP | MB760 |
| C5550nMFP | MB290MFP | MB760+ |
| CX2032MFP | MB451 MFP | MB770 |
| CX2033MFP | MB451wMFP | MB770+ |
| CX2033MFP+ | MB470MFP | MB770 + wireless |
| CX2633MFP | MB471MFP | MB770f |
| CX2731MFP | MB471wMFP | MB770f+ |
| DOC-IT3000 | MB472w | MB770fx |
| DOC-IT4000 | MB480MFP | MB770fx+ |
| ES4172LP- Y | MB491MFP | MB780 |
| ES5162 | MB491+ | MB790f |
| ES5162LP | MB491+LP | MB790m |

120207043_1

| | | |
|---|---|---|
| MC160MFP | MC780+ | MPS4242mcfx+ |
| MC360MFP | MC780f | MPS4700mb |
| MC361MFP | MC780f+ | MPS480mb |
| MC362w | MC780fx | MPS5500mb |
| MC363dn | MC780fx+ | MPS5500mbf |
| MC342dn | MC860MFP-1 Tray | MPS5502mb |
| MC342dnw | MC860MFP-2 Tray | MPS5502mb+ |
| MC362dn | MC860MFP-3 Tray | MPS5502mb+ wireless |
| MC560MFP PLUS | MC873dn | MPS5502mbf |
| MC560nMFP | MPS2731MC | MPS5502mbf+ |
| MC561MFP | MPS3537mc | MPS5502mbfx+ |
| MC562w | MPS3537mc+ | ES4192 |
| MC562dnw | MPS4200mb | ES4191MFP |
| MC562dn | MPS4242mc | MB760+ Mono MFP |
| MC573dn | MPS4242mc+ | OKIOFFICE44 |
| MC770 | MPS4242mcf | OKIOFFICE84 |
| MC770+ | MPS4242mcf+ | MB472dn |
| MC780 | MPS4242mcfx | MB472dnw |

| MB790B |
|---|
| CX2633MFP-1 Tray |
| CX2633MFP-2 Tray |
| CX2633MFP-3 Tray |

120207043_1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **INFINITY COMPUTER PRODUCTS, INC.** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-00463 (LPS)** |
| **v.** | : | |
| | : | |
| **OKI DATA AMERICAS, INC.** | : | |
| *Defendant* | : | |

**CERTIFICATE OF SERVICE**

I, Peter C. Hughes, hereby certify that on this 8th day of June 2018, I caused the foregoing disclosures to be served via electronic mail on the following::

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone:  302-298-0700
Email: jshaw@shawkeller.com
Email: arussell@shawkeller.com

Marc R. Labgold
NAGASHIMA & HASHIMOTO
12007 Sunrise Valley Dr., Suite 110
Reston, VA 20191
Telephone:  703-901-8860
Email: mlabgold@labgoldlaw.com

*/s/ Mark W. Halderman*
Dated: June 8, 2018                              Mark W. Halderman

5