IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-463-LPS-CJB |
| | ) | |
| OKI DATA AMERICAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT OKI DATA AMERICAS, INC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT**

Infinity does not dispute that two Oki Data Americas, Inc. ("ODA") products—the DOC-IT3000 and DOC-IT4000—are prior art to all patents-in-suit under 35 U.S.C. § 102(b).  Infinity does not dispute that it included these products its identification of accused products in June and in its infringement contentions in August, and it does not dispute that these products were imported, publicly available, offered for sale, used or sold more than one year before the earliest possible priority date of the patents-in-suit.  Infinity does not dispute the holdings of controlling precedent that when a patentee accuses the prior art of infringement, the patent is invalidated.  And Infinity does not dispute that the proposed motion, if granted, will fully resolve this litigation and the ten other pending litigations brought by Infinity in other courts around the nation.

Instead, Infinity now claims it did not actually accuse these prior art Oki Data products of infringement.  That claim, however, ignores and is at odds with Infinity's twice-confirmed assertion that the prior art products infringe the patents-in-suit.  Infinity says it "made a mistake" when it accused the prior art products, despite its obligation to investigate and form a good faith basis prior to asserting infringement.  But Infinity's only "mistake" is that it was unaware that

the accused products were prior art. Infinity also says it needs claim construction and discovery, but the Federal Circuit, in *Evans Cooling* and other cases, established that an accusation against prior art products invalidates the patent, with no need for claim construction or discovery. Finally, Infinity's position runs directly counter to the policies underlying the Federal Rules.

**I. Infinity Accused the Prior Art Oki Data Products of Infringement**

Infinity suggests that the prior art Oki Data products were merely "relevant" but not "accused" products. Infinity goes so far as to characterize its June 8 "identif[ication of] accused product(s), including accused methods and systems" (D.I. 107 (scheduling order) at ¶7(a)), as "a list of hundreds of products that *could* meet a *single claim term*" (D.I. 128 at 5 (emphasis added)). But there is no reason for a patent holder to identify products that do not infringe under the scheduling order. Then, in its contentions, Infinity *expressly* "accuse[d] [ODA] of infringement by making, using, selling, offering for sale and import[ing]" the "Oki Data DOC-IT3000" and "Oki Data DOC-IT4000" products, as well as their "associated hardware, computer hardware, internal semiconductors, software and data, and processes and methods related thereto." (D.I. 125 at 2-3).[1]

Prior to that, ODA had produced core technical documents for the sole product accused of infringement in the Complaint. Infinity sent a letter demanding that ODA produce core technical documents for all "Relevant Products" including the DOC-IT products because Infinity had "accused" them. (D.I. 125 at 3; *id.* at Exh. C). Infinity stated unequivocally that its June 8 disclosures "identified over 100 *accused* Oki Data products." (D.I. 125 at Exh. C (emphasis added)). Infinity repeatedly and forcefully (including through bold emphasis) described the

---

[1] Infinity claims that the products "were not charted," but Infinity charted a representative product and claimed that the accused Oki Data prior art products were "substantially similar." (D.I. 125, Exh. B at 1-4).

100+ Oki Data products in its June 8 disclosures as "*accused*." (*Id.*). Infinity thus insisted that ODA produce core technical documents for these products because they were "*accused*." (*Id.*). Infinity's belated attempts to recharacterize its identification of accused products and its infringement contentions run directly contrary to its past statements, representations, and affirmative accusations.

## II. Infinity's Accusation that the Prior Art Oki Data Products Infringe Was No "Mistake"

While Infinity asserts it did not accuse the prior art products, it argues (apparently in the alternative) that to the extent it did accuse them of infringement, it "made a mistake" and "inadvertently included" them in its list of accused products and infringement contentions. Infinity seems to say that if it had reviewed the available public information, it would have discovered that the prior art Oki Data products do not practice the claims of the '811 patent (Infinity says nothing of the other three patents-in-suit and apparently maintains its claims of infringement). But Infinity accused the prior art Oki Data products *three times*: first in its list of accused products, then again in its infringement contentions, and again in a letter to ODA. Infinity's attempt to manufacture a non-infringement position now does not erase Infinity's repeated assertions that these products infringe, assertions that the Court must presume Infinity made in good faith with the benefit of supporting information. Notably, Infinity has not withdrawn, amended or otherwise made any changes to its identification of accused products or its contentions.

Infinity's assertion that it "inadvertently" accused prior art products of infringement is also undermined by the fact that it previously tried the *same tactic*—when facing a summary judgment motion on the *same grounds*—in its co-pending case against Xerox on these patents in the Eastern District of Pennsylvania. *See Infinity Computer Products, Inc. v. Xerox Corp.*, C.A.

3

No. 12-6804, D.I. 80-1 (Xerox's opening brief) (E.D. Pa. Apr. 23, 2018). As it is doing here, Infinity argued in that case (in response to the summary judgment motion), that it had made a mistake and that the accused prior art products in that case did not actually infringe. That occurred *months* before Infinity served its contentions in this case. Infinity asks the Court to believe that while it was facing a dispositive motion for accusing prior art products in Pennsylvania, it once again "mistakenly" accused prior art products of infringing in this case. Even if that were believable, it cannot explain away the fact that Infinity doubled down on its allegation of infringement in this case twice, despite the existence of public information (including the Oki Data press release cited by Infinity) that Infinity now argues somehow shows the prior art Oki Data products may not infringe the '811 patent. Infinity's explanation is not credible, and any assertion that the accusation of infringement by the DOC-IT products was a "mistake" should be rejected.

**III. Discovery and Claim Construction Are Unnecessary Under Federal Circuit Law**

Infinity argues that the Court should permit discovery into how the accused products work, and argues that the Court must construe the claims prior to ruling on anticipation. But if Infinity indeed accused the prior art Oki Data products of infringement (and the record shows it did), there is no need for either.

As the Federal Circuit held in *Evans Cooling*, the patentee's assertion of infringement against a prior art product results in invalidation of the claims. *Evans Cooling Sys. v. GMC*, 125 F.3d 1448, 1451-52 (Fed. Cir. 1997), *cert. denied*, 522 U.S. 1115 (1998). Explaining that the defendant's burden to prove that the prior art anticipated each element of the claims was met by the plaintiff's assertion of infringement against the prior art product, the Federal Circuit stated that "[t]his is not the typical case where the patentee has placed some device on sale prior to the

critical date and the accused infringer must demonstrate that this device actually embodied or rendered obvious the patented invention." *Id.* at 1451.  See also *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000) (burden to prove infringement satisfied by patentee's allegations of infringement) *cert. denied*, 531 U.S. 821 (2000).

District courts applying *Evans Cooling* have thus concluded that neither claim construction nor discovery is needed before proceeding to judgment.  *See*, *e.g.*, *Cont'l Auto. Sys. US v. Shrader Elecs., Inc.*, C.A. No. 11-14525, 2012 U.S. Dist. LEXIS 197504, at *3 (E.D. Mich. June 28, 2012) (granting leave to file early summary judgment motion on anticipation and explaining that "[c]laim construction will then be unnecessary because Continental's own infringement allegations will suffice to prove that the infringing device embodies the patented invention."); *Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*, C.A. No. 10-773, 2011 U.S. Dist. LEXIS 163876, at *7-9 (N.D. Ohio July 5, 2011) (granting summary judgment motion under § 102(b) filed prior to substantial discovery or claim construction where plaintiff accused prior art product), *aff'd* C.A. No. 12-1119 (Fed. Cir. Aug. 9, 2012); *RMDI, LLC v. Remington Arms Co.*, C.A. No. 10-29 TS, 2010 U.S. Dist. LEXIS 135224, at *4-6 (D. Utah Dec. 21, 2010) (denying motion to strike early summary judgment motion under § 102(b) filed after only limited discovery and before claim construction, and noting that claim construction was unnecessary where prior art product was accused by plaintiff).  Just as these courts found that defendant's burden was met as a matter of law, Infinity's unequivocal accusation mandates the same conclusion here.

Infinity attempts to distinguish *Evans Cooling* and *Vanmoor* by stating that the infringement contentions in those cases were intentional, while Infinity's was a mistake.  Neither case holds that the degree of intentionality or seriousness of contentions has any bearing on the

outcome (and Infinity cites no other case for that proposition). Moreover, any such rule would be unworkable and would surely elevate gamesmanship over good faith litigation tactics.

Infinity also attempts to distinguish *Evans Cooling* on the grounds that "Oki Data's press release indicates the product is not invalidating prior art." But that is exactly the kind of inquiry that is rendered unnecessary by *Evans Cooling*. That is, the Federal Circuit held it proper to conclude as a matter of law that the prior art product "contained every element of the claimed invention" solely on the basis that **the plaintiff had accused it of infringement**. *Evans Cooling*, 125 F.3d at 1451; *see also Vanmoor*, 201 F.3d 1363 at 1366. Moreover, in *Evans Cooling*, the Federal Circuit rejected plaintiff's argument that there was evidence of non-infringement, because the plaintiff's assertion of infringement conclusively established infringement (and thus invalidity) of the claims.[2] 125 F.3d at 1451. Infinity's actions mandate the same result here.

## IV. Infinity's Position Runs Counter to Policies Underlying the Federal Rules

Infinity's position runs afoul of the policies underlying discovery and the Federal Rules. The Rules permit plaintiffs to make out their claims in a notice pleading (Fed. R. Civ. P. 8(a)) and permit early and expansive discovery (Fed. R. Civ. P. 26(b), (d), (f)). In exchange, plaintiffs are required to investigate their claims prior to filing and are expected to have a good faith basis for asserting infringement. Fed. R. Civ. P. 11(b). The Rules are not set up to permit a patentee to unleash discovery or a company's technical information merely because its products *may* "meet a single claim term." (D.I. 128 at 5).

The rules instead required Infinity to investigate every accused product and not simply use the Internet to blindly include every product ODA ever sold with fax capability on the

---

[2] The defendant in *Evans Cooling* stipulated to infringement by its prior art product for the purposes of summary judgment. Likewise, Oki Data stipulates that the DOC-IT3000 and DOC-IT4000 infringe.

accused product list. To assume otherwise gives patentees the power to subject defendants to expansive and burdensome discovery without having formed any basis, let alone a good faith basis, for an accusation of infringement. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (noting that a plaintiff must satisfy its obligations under the rules before initiating "the potentially enormous expense of discovery").

## V.  Conclusion

Infinity does not address the good cause standard, or even mention good cause. As set forth in ODA's motion and above, good cause exists to permit an early summary judgment motion on this narrow issue. Thus, ODA respectfully requests that the Court grant its motion.

Respectfully submitted,

SHAW KELLER LLP

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Jeff Castellano (No. 4837)
Andrew E. Russell (No. 5382)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
arussell@shawkeller.com
*Attorneys for Oki Data Americas, Inc.*

OF COUNSEL:
Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
NAGASHIMA HASHIMOTO & YASUKUNI
12005 Sunrise Valley Drive, Suite 203
Reston, VA 20191
(703) 901-8860

Dated: September 26, 2018