IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-463-LPS-CJB |
| | ) | |
| OKI DATA AMERICAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT OKI DATA AMERICAS, INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF ANTICIPATION**

OF COUNSEL:
Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
NAGASHIMA HASHIMOTO & YASUKUNI
12005 Sunrise Valley Drive, Suite 203
Reston, VA 20191
(703) 901-8860

John W. Shaw (No. 3362)
Jeff Castellano (No. 4837)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
arussell@shawkeller.com
*Attorneys for Oki Data Americas, Inc.*

Dated: January 7, 2019

## TABLE OF CONTENTS

I. INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS ................ 1

II. SUMMARY OF ARGUMENT ........................................................................................ 1

III. STATEMENT OF UNDISPUTED FACTS ...................................................................... 1

IV. ARGUMENT ..................................................................................................................... 4

    A. Infinity's Accusation of Prior Art Products Invalidates Its Patents ......................... 4

    B. Infinity's Contentions Support a Finding of Anticipation ....................................... 5

    C. Infinity's Claims of "Mistake" Are Irrelevant and Not Credible ........................... 6

    D. Claim Construction Is Unnecessary Under Controlling Law ................................ 9

V. CONCLUSION .................................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*,
C.A. No. 10-773, 2011 U.S. Dist. LEXIS 163876 (N.D. Ohio July 5, 2011) .................................. 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................................... 9

*Benedict v. GMC*,
184 F. Supp. 2d 1197 (N.D. Fla. 2002) ......................................................................................... 6

*Bennett Regulator Guards, Inc. v. Canadian Meter Co.*,
184 F. App'x 977 (Fed. Cir. 2006) ................................................................................................ 6

*Bennett Regulator Guards, Inc. v. Canadian Meter Co.*,
2005 U.S. Dist. LEXIS 42577, No. 1:04-CV-177 (N.D. Ohio May 10, 2005) ............................. 6

*Cont'l Auto. Sys. US v. Shrader Elecs., Inc.*,
C.A. No. 11-14525, 2012 U.S. Dist. LEXIS 197504 (E.D. Mich. June 28, 2012) ........................ 9

*Cummings v. Adidas USA*,
716 F. Supp. 2d 323 (S.D.N.Y. 2010) ........................................................................................... 7

*Evans Cooling Sys. v. GMC*,
125 F.3d 1448 (Fed. Cir. 1997) ............................................................................................ 4, 5, 6

*Infinity Computer Products, Inc. v. Xerox Corp.*,
C.A. No. 12-6804 (E.D. Pa. Apr. 23, 2018) .................................................................................. 8

*Leader Techs., Inc. v. Facebook, Inc.*,
770 F. Supp. 2d 686 (D. Del. 2011) .............................................................................................. 5

*Pfaff v. Wells Elecs*,
525 U.S. 55 (1998) ........................................................................................................................ 5

*RMDI, LLC v. Remington Arms Co.*,
C.A. No. 10-29 TS, 2010 U.S. Dist. LEXIS 135224 (D. Utah Dec. 21, 2010) ............................. 9

*Teva Pharm. Indus. v. AstraZeneca Pharm. LP*,
748 F. Supp. 2d 453 (E.D. Pa. 2010) ............................................................................................ 6

*Vanmoor v. Wal-Mart Stores, Inc.*,
201 F.3d 1363 (Fed. Cir. 2000) ............................................................................................ 5, 6, 7

```
```

**Statutes**

35 U.S.C. § 102(b) ................................................................................................................ 1, 4

**Rules**

Fed. R. Civ. P. 11 ...................................................................................................................... 8

Fed. R. Civ. P. 26 ...................................................................................................................... 8

Fed. R. Civ. P. 56 ...................................................................................................................... 4

Fed. R. Civ. P. 8 ........................................................................................................................ 8

Fed. R. Evid. 803 ...................................................................................................................... 3

Fed. R. Evid. 902 ................................................................................................................... 3, 4

## I. INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS

After eight years of litigation, plaintiff Infinity Computer Products, Inc. ("Infinity") accused two prior art Oki Data Americas, Inc. ("ODA") products of infringing each asserted patent. Infinity confirmed its accusation several times, including in submissions and statements to this Court. On September 5, 2018, ODA requested leave to file this motion (D.I. 125); the Court granted ODA's request on November 20, 2018 (D.I. 142 at 60:9-13).

## II. SUMMARY OF ARGUMENT

Infinity's repeated, unequivocal allegations that two prior art ODA products infringe the Patents-in-Suit render the patents invalid under pre-AIA 35 U.S.C. § 102(b) as a matter of law.

## III. STATEMENT OF UNDISPUTED FACTS

1. Infinity instituted this litigation against ODA in 2010. (D.I. 1 at 2 n.1).

2. Infinity asserts that ODA infringes four U.S. Patents (collectively the Patents-in-Suit).

3. The earliest filed patent application to which the Patents-in-Suit claim the benefit of priority was filed April 11, 1994.[1] (Exh. A).

4. Eight years after the filing of the complaint, on June 8, 2018, Infinity served a list of 104 accused ODA products, including the Oki Data DOC-IT3000 and DOC-IT4000 (collectively referred to herein as "the DOC-IT products"). (Exh. B).

5. Infinity performed a Rule 11 analysis of all 104 accused products. (D.I. 142 at 46:8-10).

6. Infinity had a good faith basis to accuse each of the 104 products of infringement. (*Id.*).

7. In a brief filed on August 10, 2018, Infinity represented to the Court that "on June 8, 2018, Infinity provided Plaintiff's Disclosures Pursuant to Paragraph 7 of the Scheduling Order,

---

[1] While ODA contests Infinity's reliance upon the April 11, 1994 filing date for other purposes, such arguments are not relevant to the present motion. For purposes of 35 U.S.C. § 102(b) (pre-AIA), regardless of whether Infinity is entitled to claim such a date, it is undisputed that the earliest filed patent application was filed on April 11, 1994.

in which it ***identified 104 relevant infringing products***." (D.I. 120 at 1 (emphasis added)). Infinity further referred to these products as "**accused products**." (D.I. 120 at 1 (emphasis original)).

8. On August 20, 2018, Infinity served infringement contentions that expressly "accuse[d] [ODA] of infringement by making, using, selling, offering for sale and importation the Oki Data MB472w (the "Accused System"), and all substantially similar Oki Data multi-function fax/scan/print products, including without limitation the Oki Data Relevant Products identified concurrently herewith." (Exh. C). The identified products included the DOC-IT products. (*Id.*).

9. Infinity did not indiscriminately accuse *all* ODA products of infringement; instead, Infinity only accused ODA multi-function fax/scan/print products that it deemed substantially similar to the MB472w accused product. (*Id.*).

10. Prior to Infinity's contentions, ODA produced core technical documents for the sole product accused of infringement in the Complaint. In response, Infinity sent a letter stating that Infinity "has identified over 100 accused Oki Data products" and demanded that ODA produce core technical documents for *all* "accused products identified in Infinity's Paragraph 7(a) disclosures." (Exh. D). The identified 104 accused products included the two DOC-IT products. ODA then supplemented its core technical document production to include all accused products.

11. At the November 20, 2018 hearing on ODA's Motion for Leave, Infinity's counsel confirmed that all 104 products, including the DOC-IT products, were "accused" products. (D.I. 142 at 41:10-13 (all 104 "substantially similar" products were "accused"), 41:21-23 ("we were accusing substantially similar" products), 44:22 (DOC-IT products were "accused")).

12. Infinity's counsel also confirmed that the product charted by Infinity was "representative" of its accusations of infringement of the 103 other accused products. (*Id.* at

41:10-13 ("A representative products was charted, and the accusation was that all substantially similar products including those listed . . . are also accused."), 45:8-9 ("The original 7(c) disclosures charted a single representative product."), 46:11-12 ("We then charted a particular representative product").

13. The DOC-IT products were imported, publicly available, offered for sale, used and sold more than one year before the earliest patent application filing date of April 11, 1994.

14. ODA announced the availability of the DOC-IT products on September 28, 1992 (*i.e.*, more than 18-months prior to the earliest filed application). (Exh. E ("Both products will be available in October 1992.")).

15. On September 29, 1992, the New York Times covered the release of the DOC-IT products the next day and reported projected sales of 30,000-60,000 units through September 1993. *New Product from Okidata*, N.Y. TIMES, Sept. 29, 1992, at D5 (Exh. F); *see also* Torsten Busse, *Multifunctional Peripheral Debuts*, INFOWORLD, Sept. 28, 1992, 27 (Exh. G).

16. On February 23, 1993 (*i.e.*, more than 13-months prior to the earliest filed application), PC Magazine published an article describing the author's testing and use of the publicly available DOC-IT 4000. Bruce Brown, *Print, Fax, Copy, and Scan with Okidata's All-In-One DOC-IT*, PC MAGAZINE, Feb. 23, 1993, 37, 39 (Exh. H); *see also* David Stone, *Okidata Doc-IT 4000*, PC MAGAZINE, June 13, 1995, 199 (Exh. I) (noting that the DOC-IT 4000 "has been around since 1992"); Exh. J (DOC-IT manual with 1992/1993 dates)).[2]

17. ODA has conceded that the DOC-IT products infringe the asserted claims. (D.I. 130 at 6 n.2 ("Oki Data stipulates that the DOC-IT3000 and DOC-IT4000 infringe")).

---

[2] These documents would be admissible at trial and are properly considered here. *See* Fed. R. Evid. 803(16) (ancient documents not hearsay); Fed. R. Evid. 902(6) (periodicals self-authenticating); Fed. R. Evid. 902(11) (certified business records self-authenticating).

## IV. ARGUMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The issue of whether a patentee's accusation of prior art products results in invalidity of the asserted patent(s) is properly resolved on summary judgment. *Evans Cooling Sys. v. GMC*, 125 F.3d 1448, 1451-52 (Fed. Cir. 1997) (affirming summary judgment of invalidity).

### A. Infinity's Accusation of Prior Art Products Invalidates Its Patents

It is undisputed that (1) Infinity accused the DOC-IT products of infringement, (2) the DOC-IT products were "described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the [earliest alleged] application for patent in the United States" 35 U.S.C. § 102(b) (pre-AIA), and (3) ODA has conceded the DOC-IT products infringe the Patents-in-Suit. Applying Federal Circuit law to these undisputed facts results in the invalidation of the Patents-in-Suit as a matter of law.

As the Federal Circuit held in *Evans Cooling*, the patentee's assertion of infringement against a prior art product results in invalidation of the claims. 125 F.3d at 1451-52. The Federal Circuit explained that a defendant's burden to prove that the prior art anticipated each element of the claims was met by a plaintiff's assertion of infringement against the prior art product, and stated:

> "[t]his is not the typical case where the patentee has placed some device on sale prior to the critical date and the accused infringer must demonstrate that this device actually embodied or rendered obvious the patented invention."

*Id*. at 1451. Instead, the court **held as a matter of law** that the prior art product "contained every element of the claimed invention" solely on the basis that ***the plaintiff had accused it of infringement***. *Id*.

4

The Federal Circuit later confirmed this holding in *Vanmoor v. Wal-Mart Stores, Inc.*:

> As was the case in *Evans Cooling*, the entire basis of the patent infringement claim is Vanmoor's (the patentee's) contention that the accused cartridges infringed the '311 patent. . . . . Wal-Mart and the manufacturers denied that the accused cartridges infringed but have, "by conceding infringement for purposes of their summary judgment motion and [their] on sale defense, properly pled in the alternative." . . . . Although Wal-Mart and the manufacturers bore the burden of proving that the cartridges that were the subject of the pre-critical date sales anticipated the '331 patent, that burden was satisfied by Vanmoor's allegation that the accused cartridges infringe the '331 patent.

201 F.3d 1363, 1366 (Fed. Cir. 2000) (parenthetical and bracketed text original) (*citing Evans Cooling*, 125 F.3d at 1451); *see also Leader Techs., Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686 (D. Del. 2011) ("An admission by the patentee that a particular product practices the claimed invention is sufficient to satisfy the defendant's burden that the product anticipates the claim for purpose of applying the on sale bar and public use bar.").[3]

### B. Infinity's Contentions Support a Finding of Anticipation

Infinity has indicated it intends to argue that it should not be held to its contentions, its statements to ODA or even the assertions it made to this Court because they were merely initial contentions (although it referred to its amended non-final contention as "binding" at oral argument (D.I. 142 at 45:14-19)). However, courts applying *Evans Cooling* and *Vanmoor* have held patents invalid based on allegations in the complaint alone. For example, in *Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*, the district court relied on the complaint's allegation of infringement of a prior art product to find the asserted claims of one the patents-in-suit invalid. C.A. No. 10-773, 2011 U.S. Dist. LEXIS 163876, at *8-9 (N.D. Ohio July 5, 2011) (granting summary judgment), *aff'd* C.A. No. 12-1119 (Fed. Cir. Aug. 9, 2012); *see also Bennett*

---

[3]   *See also Vanmoor*, 201 F.3d at 1366-67 (products were commercially sold and were reduced to practice prior to the critical date (citing *Pfaff v. Wells Elecs*, 525 U.S. 55, 67 (1998))).

5

*Regulator Guards, Inc. v. Canadian Meter Co.*, 184 F. App'x 977, 978 n.1 (Fed. Cir. 2006) ("'[w]hen the anticipatory reference is the accused product, the Defendant's burden [of showing that the anticipatory reference contains each and every claim element] is satisfied by the Plaintiff's infringement allegations *in the Complaint* that the accused product embodies the claimed invention.'" (emphasis added) (quoting *Bennett Regulator Guards, Inc. v. Canadian Meter Co.*, 2005 U.S. Dist. LEXIS 42577, No. 1:04-CV-177, slip op. at 9 (N.D. Ohio May 10, 2005))). Infinity's accusation coupled with ODA's concession of infringement is dispositive under *Evans Cooling* and *Vanmoor*.

      **C.**      **Infinity's Claims of "Mistake" Are Irrelevant and Not Credible**

Infinity has indicated it intends to argue that it was mistaken when it accused the DOC-IT products. The Court should reject such arguments as irrelevant and not credible.

First, *Evans Cooling*, *Vanmoor* and other cases hold that plaintiff's accusation and defendant's concession of infringement meet defendant's burden to prove anticipation, even where there is evidence and/or allegations of non-infringement in the record. In *Evans Cooling*, for example, plaintiff argued that despite its earlier claims of infringement, summary judgment of invalidity was inappropriate because the defendant had asserted that the prior art product did not infringe. 125 F.3d at 1451. The court disagreed, and held that the allegation of non-infringement did not create an issue of fact because the patentee had accused a prior art product and defendant had conceded infringement for the purposes of summary judgment. *Id.*; *see also Vanmoor*, 201 F.3d at 1366 (summary judgment proper where defendant concedes infringement of accused prior art product, despite earlier allegations of non-infringement); *Benedict v. GMC*, 184 F. Supp. 2d 1197, 1200 (N.D. Fla. 2002) (same); *Teva Pharm. Indus. v. AstraZeneca Pharm. LP*, 748 F. Supp. 2d 453, 465 (E.D. Pa. 2010) (same).

6

Under these cases, Infinity's attempt to create the appearance of an issue of fact by now claiming that the DOC-IT products actually do not infringe, raised for the first time after ODA pointed out that they are prior art, is irrelevant in light of Infinity's prior allegations of infringement and ODA's stipulation to infringement. *See also Cummings v. Adidas USA*, 716 F. Supp. 2d 323, 333 (S.D.N.Y. 2010) (expressly rejecting patentee's about-face regarding whether the accused prior art products infringed).

Second, Infinity's claim that it was mistaken as to how the DOC-IT products operated (as opposed to their status as prior art) is not credible in light of the fact that it accused the DOC-IT products of infringement *four times*: (1) in its list of accused products, (2) in its infringement contentions, (3) in a brief filed with this Court, and (4) in a letter to ODA. Infinity cannot avoid summary judgment with its manufactured claims of "mistake." *See Cummings*, 716 F. Supp. 2d at 333 (granting summary judgment of invalidity despite patentee's attempts to re-cast its infringement contentions as excluding prior art products; "Plaintiffs' pleadings and verified responses to [defendant's] Requests for Admission belie plaintiffs' argument [that it did not intend to accuse the prior art products], **apparently concocted to avoid summary judgment**." (emphasis added) (applying *Vanmoor*)).

Third, the allegation of "mistake" is belied by Infinity's representation to this Court that "we conducted a Rule 11 analysis that gave us the good faith basis to assert each of the patents against Oki Data." (D.I. 142 at 46:8-10). Moreover, the fact that Infinity presented its contentions more than eight years after the filing of the complaint renders moot any suggestion that the contentions were somehow rushed, tentative or otherwise.

Fourth, Infinity's amended infringement contentions, served *after* Infinity learned it had accused prior art products, further undermine its claim of mistake. Infinity's amended

7

contentions removed the two DOC-IT products, and *only* those two products. (D.I. 142 at 45:20-22). Infinity would have the Court believe that upon being informed of the prior art status of the DOC-IT products, it reviewed all 104 accused products and the two products out of the 104 that have been identified as prior art *just happen to be* the only two products out of the 104 accused products that (Infinity now says) do not infringe.

Fifth, months before it served its contentions in this case, Infinity had also accused Xerox prior art products in another case involving the same patents. *See Infinity Computer Products, Inc. v. Xerox Corp.*, C.A. No. 12-6804, D.I. 80-1 at 1 (Xerox's opening brief) (E.D. Pa. Apr. 23, 2018). As it is doing here, when confronted with the products' prior art status, Infinity alleged that it had been mistaken about how the accused prior art products operated, and as such, it had accused those products by mistake. *See Infinity Computer Products, Inc. v. Xerox Corp.*, C.A. No. 12-6804, D.I. 82 at 1 (Infinity's answering brief) (E.D. Pa. Apr. 23, 2018) ("Infinity made an insignificant error"). Each of Infinity's four infringement accusations against the DOC-IT products in this case came *after* its assertion of alleged mistake in its case against Xerox. As such, if there actually had been such a mistake, Infinity should have ensured it had a good faith basis for asserting infringement in this case (and any other case), which Infinity informed this Court it did. (D.I. 142 at 46:8-10).

Sixth, Infinity's position runs afoul of the policies underlying discovery and the Federal Rules and risks setting dangerous precedent. The Rules permit plaintiffs to make out their claims in a notice pleading (¶ 8(a)) and permit early and expansive discovery (Fed. R. Civ. P. 26(b), (d), (f)). In exchange, plaintiffs are required to investigate their claims prior to filing their case and are expected to have a good faith basis for asserting infringement. Fed. R. Civ. P. 11(b). Infinity leveled infringement allegations against 104 ODA products based upon what it has

8

represented to the Court was a Rule 11 investigation that provided a good faith basis for asserting infringement. It is undisputed that Infinity did not indiscriminately accuse *every* ODA product sold during the relevant times. Instead, its accusations exclude, *inter alia*, standalone printers and include only "multi-function fax/scan/print products[.]" (*See* Exh. C). Thus, Infinity's only "mistake" appears to have been failing to recognize that the DOC-IT products were on sale before the critical date (*i.e.*, more than one year prior to the earliest filed patent application). Accepting Infinity's excuse provides patentees *carte blanche* to subject defendants to expansive and burdensome discovery without having formed any basis, let alone a good faith basis, for an accusation of infringement without fear of any consequence. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (plaintiff must satisfy its obligations under the rules before initiating "the potentially enormous expense of discovery").

### D. Claim Construction Is Unnecessary Under Controlling Law

Infinity may also argue that it needs claim construction, but the rule set out in *Evans Cooling* and *Vanmoor* obviates the need for claim construction. *See Cont'l Auto. Sys. US v. Shrader Elecs., Inc.*, C.A. No. 11-14525, 2012 U.S. Dist. LEXIS 197504, at *3 (E.D. Mich. June 28, 2012) (granting request to file early summary judgment motion on anticipation and noting that claim construction is "unnecessary because [patentee's] own infringement allegations will suffice to prove that the infringing device embodies the patented invention."); *RMDI, LLC v. Remington Arms Co.*, C.A. No. 10-29 TS, 2010 U.S. Dist. LEXIS 135224, at *4-6 (D. Utah Dec. 21, 2010) (denying motion to strike motion for summary judgment of anticipation and noting that claim construction is unnecessary where prior art patentee accused prior art product).

### V. CONCLUSION

For these reasons, ODA respectfully requests that the Court grant ODA's motion.

|  |  |
|---|---|
| | Respectfully submitted, |
| | SHAW KELLER LLP |
| | */s/ Jeff Castellano* |
| | John W. Shaw (No. 3362) |
| | Jeff Castellano (No. 4837) |
| | Andrew E. Russell (No. 5382) |
| | I.M. Pei Building |
| | 1105 North Market Street, 12th Floor |
| | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 298-0700 |
| Marc R. Labgold, Ph.D. | jshaw@shawkeller.com |
| Patrick J. Hoeffner | jcastellano@shawkeller.com |
| NAGASHIMA HASHIMOTO & YASUKUNI | arussell@shawkeller.com |
| 12005 Sunrise Valley Drive, Suite 203 | *Attorneys for Oki Data Americas, Inc.* |
| Reston, VA 20191 | |
| (703) 901-8860 | |

Dated: January 7, 2019

10