# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> OKI DATA AMERICAS, INC., § <br> *Defendant*. § <br> § <br> § | CIVIL ACTION NO. 18-463-LPR-CJB |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT OF ANTICIPATION

Dated: January 21, 2019

William J. Rhodunda, Jr. (No. 2744)
Chandra J. Williams (No. 4907)
Rhodunda Williams & Kondraschow
Brandywine Plaza West
1521 Concord Pike, Suite 205
Wilmington, DE 19803
Telephone: (302) 576-2000
Facsimile: (302) 576-2004
bill@rawlaw.com
chandra@rawlaw.com

Andrew G. DiNovo (admitted *pro hac vice*)
Nicole E. Glauser (admitted *pro hac vice*)
Gabriel R. Gervey (admitted *pro hac vice*)
Daniel L. Schmid (admitted *pro hac vice*)
DiNovo Price LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
adinovo@dinovoprice.com
nglauser@dinovoprice.com
ggervey@dinovoprice.com
dschmid@dinovoprice.com

***Counsel for Plaintiff***
***Infinity Computer Products Inc.***

## TABLE OF CONTENTS

I.  NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

II.  SUMMARY OF THE ARGUMENT ................................................................................ 1

III.  COUNTERSTATEMENT OF FACTS ............................................................................ 3

IV.  ARGUMENT ..................................................................................................................... 4

    A.  The *Evans Cooling* Doctrine Is a Narrow Exception to the General Rule. ............ 5

    B.  The *Evans Cooling* Doctrine Applies Only If There Is No Dispute that the Allegedly Infringing Feature Is Also On-Sale Prior Art that Forms the Basis of the Infringement Claim. ..................................................................................... 5

    C.  The Evans Cooling Doctrine Does Not Apply To The Facts Of This Case. .......... 7

        1.  **The listing of the two DOC-IT Products as "relevant products" is not the allegation of infringement upon which Infinity's suit is based.** ................................................................................................ 7

        2.  **Infinity has not maintained the allegation that the DOC-IT Products infringe.** ................................................................................... 8

    D.  ODA's Cases Do Not Support Its Broad Interpretation of the *Evans Cooling* Doctrine But Instead Confirm that the Narrow Doctrine Does Not Apply Here.. 10

    E.  The Alleged Credibility of Infinity's Mistaken (Initial) Accusation Is Irrelevant. ............................................................................................................ 11

    F.  ODA Failed to Meet Its Invalidity Burden. .......................................................... 12

V.  CONCLUSION ................................................................................................................ 13

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*,
  2011 WL 13193425 (N.D. Ohio July 5, 2011) ............................................................. 11

*Amgen, Inc. v. Hoffman–La Roche Ltd.*,
  580 F.3d 1340 (Fed.Cir.2009) ..................................................................................... 5

*Anderson v. Liberty Lobby Inc.*,
  477 U.S. 242 (1986) ..................................................................................................... 4

*Ariad Pharm., Inc. v. Eli Lilly & Co.*,
  598 F.3d 1336 (Fed.Cir.2010) ..................................................................................... 4

*Benedict v. General Motors Corp.*,
  184 F. Supp. 2d 1197 (N.D. Fla. 2002) ..................................................................... 10

*Bennett Regulator Guards, Inc. v. Canadian Meter Co., Inc.*,
  184 F. App'x 977 (2006) ............................................................................................ 11

*Bennett Regulator Guards, Inc. v. Canadian Meter Co., Inc.*,
  2005 WL 1123524 (N.D. Ohio May 10, 2005) ......................................................... 11

*BroadSoft, Inc. v. CallWave Commc'ns, LLC*,
  282 F.Supp.3d 771, (D.Del. 2017) ......................................................................... 3, 12

*Cont'l Auto. Sys. US v. Shrader Elecs., Inc.*,
  2012 WL 12930767 (E.D. Mich. June 28, 2012) ...................................................... 11

*Cummings v. Adidas USA*,
  716 F. Supp. 2d 323 (S.D.N.Y. 2010) ....................................................................... 12

*Evans Cooling Systems, Inc. v. General Motors Corp.*,
  125 F.3d 1448 (Fed. Cir. 1997) ......................................................................... 5, 6, 10

*Gammino v. Spring Commc'n Co. L.P.*,
  2011 WL 3240830 (E.D.Pa.2011) ............................................................................... 8

*Leader Techs., Inc. v. Facebook, Inc.*,
  770 F. Supp. 2d 686 (D. Del. 2011) .......................................................................... 10

*Medtronic Inc. v. Edwards Lifesciences Corp.*,
  2013 WL 12113417 (C.D. Cal. Sept. 17, 2013) ....................................................... 3, 9

*Quantum Loyalty Systems, Inc. v. TPG Rewards*,
    2011 WL 2015221 (D.Del. May 21, 2011) .................................................................... 3, 13

*ResQNet.com Inc. v. Lansa, Inc.*,
    382 F.Supp.2d 424 (S.D.N.Y. 2005) ................................................................................ 13

*RMDI, LLC v. Remington Arms Co.*,
    2010 WL 5391274 (D. Utah Dec. 21, 2010) .................................................................... 11

*Seoul Viosys Co. v. P2 Int'l Corp.*,
    2018 WL 401511 (S.D.N.Y. Jan. 12, 2018) ....................................................................... 7

*Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.*,
    279 F.3d 1357 (Fed. Cir. 2002) .................................................................................... 9, 13

*Teva Pharm Indust. Ltd. v. Astrazeneca Pharma.*,
    661 F.3d 1378 (E.D. Pa. 2010) .......................................................................................... 7

*U.S. Ethernet Innovations, LLC v. Texas Instr. Inc.*,
    2014 WL 134994 (E.D. Tex. Apr. 3, 2014) ............................................................. 3, 9, 10

*Vanmoor v. Wal-Mart Stores, Inc.*,
    201 F.3d 1363 (Fed. Cir. 2000) ........................................................................... 5, 6, 7, 10

*ViaSat, Inc. v. Space Sys.*,
    2013 WL 12061800 (S.D. Cal. Jan. 8, 2013) ........................................................... 3, 5, 13

**Rules**

Fed.R.Civ.P. 56 ................................................................................................................................ 4

Infinity Computer Products, Inc. ("Infinity") submits this opposition to Defendant Oki Data Americas, Inc.'s ("ODA") Motion for Summary Judgment of Anticipation (D.I. 154-155).

## I. NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case involving four patents asserted against ODA.[1] The case is early in the discovery phase. Document production was to have been substantially complete by January 18, 2019. The fact discovery cut off is September 20, 2019. Expert discovery has not commenced. D.I. 107. On August 20, 2018, Infinity served its initial infringement contentions, including a claim chart for a representative accused product and a list of 104 "Relevant Products" Infinity identified as operating in substantially the same manner as the representative product. D.I. 155-1 (Ex. C). On October 18, 2018, Infinity produced an amended initial claim chart that maintained its theory of the case but removed two products that had been incorrectly included in its Relevant Product list—the Oki Data DOC-IT 3000 & 4000 (the "DOC-IT Products"). The DOC-IT products, which never formed *the* basis of Infinity's infringement allegations, are no longer accused of infringement and are not part of this case. Infinity's "final" infringement contentions have not been served and are due on July 19, 2019. D.I. 107.

## II. SUMMARY OF THE ARGUMENT

1. ODA failed to meet its burden of proof to show invalidity of the Patents by clear and convincing evidence. In its Motion, ODA does not even attempt to demonstrate on an element-by-element, claim-by-claim basis that the DOC-IT Products contain each and every element of the claimed inventions. Instead, ODA seeks to wholly relieve itself of its burden of establishing invalidity of the Patents by arguing that the Federal Circuit cases *Evans Cooling Systems* and

---

[1] U.S. Patent Nos. 6,894,811; 7,489,423; 8,040,574; and 8,294,915 (collectively, the "Patents").

1

*Vanmoor* establish a *per se* rule that an infringement allegation always and in every case establishes that the prior art product as a matter of law contains every element of the claimed invention. That argument is wrong. The decisions in *Evans Cooling* and its progeny do not support such an expansive interpretation, and no lower court has interpreted the Federal Circuit case law in the manner ODA requests of this Court.

2. *Evans Cooling* and its progeny established a narrow exception to the general rule that it is the defendant's burden to establish invalidity—the *Evans Cooling* doctrine. That narrow exception is not applicable here. Here, unlike in the cases in which the *Evans Cooling* doctrine applies, the two purported prior art products—the DOC-IT Products—have never formed the basis of Infinity's infringement allegations, and Infinity has completely withdrawn any allegations against the DOC-IT Products. Put simply, the DOC-IT Products are not accused of infringing the Patents. Although the DOC-IT Products were erroneously identified in Infinity's initial infringement contentions as "relevant" products, the DOC-IT Products do not operate in the same or a substantially similar manner as the other accused ODA products. For example, as demonstrated in the declaration of Infinity's expert Jose Melendez, the DOC-IT Products (1) are not "fax machines;" and (2) do not contain or disclose using "generic send/receive driver communication software" and "unmodified standard protocols" for scanning and printing, as required by the Patents. As such, the only record evidence demonstrates that the DOC-IT Products do not meet each of the limitations of the asserted claims of the Patents. *See* Declaration of Jose Melendez, dated January 21, 2019 (Melendez Decl.).

3. Courts have consistently held that defendants must provide evidence of material identity if there is a dispute as to whether the products offered for sale prior to the critical date

included the patented feature.[2] Here, at a minimum there is a fact issue as to whether the DOC-IT Products include the patented invention that precludes summary judgment of anticipation based on the DOC-IT Products. ODA's Motion should be denied.

### III. COUNTERSTATEMENT OF FACTS

On June 30, 2010, Infinity filed an initial single complaint in the Eastern District of Pennsylvania against multiple defendants, including ODA. From September 2011 to December 2012, the Eastern District of Pennsylvania case was stayed pending re-examination, the cases were severed per the AIA, and this case was transferred to the District of Delaware. On December 2, 2012, Infinity filed a complaint in the transferred District of Delaware case. The complaint did not identify any specific products as accused of infringing the Patents.

On June 8, 2018, Infinity filed its Paragraph 7(a) Disclosures, which required it to identify the accused products. Infinity's disclosures identified 104 "Relevant Products" two of which were the DOC-IT Products. Infinity "reserve[d] the right to supplement its identification as discovery proceeds." D.I. 155-1 (Ex. B). Despite its obligation to produce core technical documents for each accused product, ODA failed to comply and initially produced core technical documents for only one product: the Oki Data MC160 MFP. On August 15, 2018, Infinity wrote ODA demanding compliance. D.I. 155-1 (Ex. D). Without the benefit of the required ODA technical document production, on August 20, 2018, Infinity provided its Paragraph 7(c) Initial Infringement Contentions, explicitly accusing the patented features and/or processes contained in the Oki Data MZB472w of infringement. D.I. 155-1 (Ex. C). The specific patent feature and/or

---

[2] *See e.g., BroadSoft, Inc. v. CallWave Commc'ns, LLC*, 282 F.Supp.3d 771, 791-92 (D. Del. 2017); *Quantum Loyalty Systems, Inc. v. TPG Rewards*, 2011 WL 2015221 (D. Del. May 21, 2011); *U.S. Ethernet Innovations, LLC v. Texas Instr. Inc.*, 2014 WL 134994, at *2 (E.D. Tex. Apr. 3, 2014); *Medtronic Inc. v. Edwards Lifesciences Corp.*, 2013 WL 12113417, at *24 (C.D. Cal. Sept. 17, 2013); *ViaSat, Inc. v. Space Sys.*, 2013 WL 12061800, at *5 (S.D. Cal. Jan. 8, 2013).

process accused in the Initial Infringement Contentions is the ability to leverage facsimile machine functionality, including print and scan from the same printhead and scanner, to print from a direct connection with a PC and similarly scan to a PC using generic send/receive driver communication software, as with USB. Infinity further accused "all substantially similar Oki Data multi-function fax/scan/print products," including without limitation the "Oki Data Relevant Products identified herewith." Among the Relevant Products identified was the DOC-IT Products. D.I. 155-1 (Ex. C).

Infinity subsequently learned that the DOC-IT Products do not contain all the recited features or processes in the Patents and do not operate in the same or substantially similar manner as the specifically accused Oki Data MZB472w. On October 18, 2018, Infinity served Amended Initial Infringement Contentions removing the DOC-IT Products from the Relevant Product list—that amendment did not change the basis of Infinity's infringement allegations or theory of infringement. *See* Ex. 9 to Melendez Decl. Simply put, although initially included in its 7(a) & 7(c) preliminary disclosures, the DOC-IT Products never formed the basis of Infinity's infringement allegation; they are not accused of infringement in this action; and they do not function in a substantially similar manner as the products that are accused in this case.

### IV. ARGUMENT

Rule 56 allows for summary judgment where "there is no genuine dispute as to any material fact" and one of the parties "is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Though the burden of proof is on the moving party to establish the absence of a genuine issue of material fact, the nonmoving party is not relieved of its duty to introduce evidence capable of supporting a favorable verdict by the fact finder. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256-257 (1986).

Patents are presumed valid and overcoming this presumption requires clear and convincing evidence. *Ariad Pharm., Inc. v. Eli Lilly & Co.,* 598 F.3d 1336, 1354 (Fed. Cir. 2010) (*en banc*).

Anticipation requires the presence in the prior art of each and every limitation of the claimed invention. *Amgen, Inc. v. Hoffman–La Roche Ltd.,* 580 F.3d 1340, 1366 (Fed. Cir. 2009).

A.  **The *Evans Cooling* Doctrine Is a Narrow Exception to the General Rule.**

ODA does not and cannot show on an element-by-element basis that each and every limitation of the claimed invention is present in the DOC-IT Products by clear and convincing evidence. ODA instead tries to employ a procedural "gotcha" to avoid having this case decided on the merits by asking this Court to grant summary judgment of anticipation under *Evans Cooling Systems, Inc. v. General Motors Corp.*, 125 F.3d 1448 (Fed. Cir. 1997) and *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000). The *Evans Cooling* doctrine—where an alleged infringer may claim invalidity without the benefit of an element-by-element demonstration of anticipation—is a "narrow doctrine of invalidity." *See ViaSat, Inc. v. Space Systems/Loral, Inc.*, 2013 WL 12061800, *1 (S.D. Cal. Jan. 8, 2013) (a "limited exception.")

ODA incorrectly claims that in *Evans Cooling*, the Federal Circuit "**held as a matter of law** that the prior art product 'contained every element of the claimed invention' solely on the basis that the plaintiff had accused it of infringement." D.I. 155 at 4 (emphasis in original). Although the quotation is correct, the paraphrased portion—"solely on the basis that the plaintiff had accused it of infringement"—is not and instead is a grossly expansive and over-simplified interpretation of the law that has never been endorsed by the Federal Circuit or any lower court.

B.  **The *Evans Cooling* Doctrine Applies Only If There Is No Dispute that the Allegedly Infringing Feature Is Also On-Sale Prior Art that Forms the Basis of the Infringement Claim.**

In *Evans Cooling,* the defendant argued that it marketed an allegedly infringing device prior to the asserted patent's critical date and, as a result, the patent was invalid due to the on-sale bar. 125 F.3d at 1451. The patented invention was for "an aqueous reverse flow cooling system for internal combustion engines." *Id*. at 1449.  The alleged prior art was "[the offer for sale of a]

5

1992 Corvette, specifically stating that the car had reverse flow engine cooling." *Id*. at 1450. Based on that offer, the Court explained "[h]ere, the ***entire basis of the lawsuit*** is Evans'—the patentee's—contention that the LT1 engine—the device that was put on sale—contains a cooling system that infringes." *Id*. at 1451 (emphasis added). Thus, in *Evans Cooling* there was no dispute that the allegedly infringing feature was included in the pre-critical-date 1992 Corvette. On those specific facts, the Federal Circuit held that the defendant's invalidity burden "is met by Evans' allegation, forming the sole basis for the complaint, that the [infringing device] infringes." *Id*.

In V*anmoor,* the plaintiff's complaint alleged that retailers and manufacturers of caulking products infringed his patent directed to the construction of a cartridge used to dispense a caulking compound. *Vanmoor*, 201 F.3d at 1364-65. The defendants filed a summary judgment motion claiming the patent was invalid due to the identity between the accused caulking cartridges and cartridges manufactured, sold, and used prior to the critical date. *Id*. at 1365. In support of their motion, the defendants submitted affidavits and documents "showing that the manufacturing specifications, component dimensions, and methods of operation of at least three of the accused cartridges were identical to those manufactured, used, and sold prior to the critical date." *Id*. Confirming summary judgment, the Federal Circuit found that the "entire basis of the patent infringement claim is [the patentee's] contention that the accused cartridges infringe the [asserted] patent. *Id*. (citing *Evans Cooling,* 125 F.3d at 1451).

In both *Evans Cooling* and *Vanmoor*, the Federal Circuit emphasized (1) the fact that the entire basis of the patent holder's infringement claim was that the accused prior art products infringed the patent; and (2) the identity between the allegedly infringing products and the prior art products. In *Evans Cooling*, it was <u>un</u>disputed that the plaintiff maintained its allegation that the patented feature was in an engine that was included in a pre-critical-date vehicle. In *Vanmoor*,

6

the record demonstrated that the accused products and prior art products were identical. *Vanmoor*, 201 F.3d at 1365. Critically, in both *Evans Cooling* and *Vanmoor*, the Federal Circuit reviewed the district court's grant of summary judgment and determined that there were <u>no disputes</u> as to whether the products offered for sale prior to the critical date included the patented feature. *See Seoul Viosys Co. v. P2 Int'l Corp.*, 2018 WL 401511, at *3 (S.D.N.Y. Jan. 12, 2018) ("Defendant's misplaced citation to two Federal Circuit cases—*Evans Cooling* and *Vanmoor*—is telling, as in those cases, unlike this case, the Federal Circuit was reviewing the district court's grant of summary judgment, and ***there were no disputes as to whether the products offered for sale prior to the critical date included the patented features***.") (emphasis added); *see also Teva Pharm Indust. Ltd. v. Astrazeneca Pharma.*, 661 F.3d 1378, 1385 (E.D. Pa. 2010) (cited by ODA) (patentee's infringement case—through summary judgment—based on assertion that prior art product infringed patent-in-suit).

C.   **The Evans Cooling Doctrine Does Not Apply To The Facts Of This Case.**

*Evans Cooling* and *Vanmoor* do not apply to the facts here at least because (1) the two DOC-IT Products are not the allegation of infringement upon which Infinity's suit is based; and (2) Infinity has not maintained the allegation that DOC-IT infringes because it does not contain a number of patented features or operate in the manner recited in the asserted patented methods.

   1.   ***The listing of the two DOC-IT Products as "relevant products" is not the allegation of infringement upon which Infinity's suit is based.***

The *Evans Cooling* doctrine is the narrow exception to the general rule that it is the defendant's burden to prove by clear and convincing evidence that a product was sold prior to the critical date *and* meets the claim limitations of the asserted patent in order to prevail on a 35 U.S.C. §282(2) defense of invalidity. Indeed, only in "rare cases [where] the 'entire basis of the patent infringement claim' is the patentee's contention that an accused device infringed his patents" does

7

"essentially, the patentee's accusations of infringement serve as a binding admission that satisfies the accused infringer's burden to prove invalidity by anticipation with clear and convincing evidence." *Gammino v. Spring Commc'n Co. L.P.,* 2011 WL 3240830, at *2 (E.D.Pa.2011).

Infinity's lawsuit is based on the allegation that the use of the patented features described in the representative product—the Oki Data MC160 MFP—infringes, as well as use of all other products that contain the same or substantially similar features and operate in a substantially similar manner. The theory of infringement identified in the Oki Data MC160 MFP claim chart is the ability to leverage facsimile machine functionality, including print and scan from the same printhead and scanner, to print from a direct connection with a PC and similarly scan to a PC using generic send/receive driver communication software, as with USB. The DOC-IT Products do not contain these patented features or operate in the manner described by the patented methods. Plaintiff has provided an expert declaration that demonstrates that the patented features are not present in the DOC-IT Products. *See* Melendez Decl.

### 2.   *Infinity has not maintained the allegation that the DOC-IT Products infringe.*

The DOC-IT Products are not part of the case and are not accused of infringement. In September 2018, Infinity represented to Oki Data and the Court that the products were incorrectly included in the Relevant Product list.  D.I. 128.  Then, on October 18, 2018, Infinity formally served Amended Initial Infringement Contentions that unambiguously removed the DOC-IT Products from the "Relevant Products" list. *See* Melendez Decl. Ex. 9. Infinity has not yet served its "final" infringement contentions or expert reports, which are due mid-2019; however, Infinity can unequivocally confirm that DOC-IT Products will not be accused of infringing the Patents in Infinity's final infringement contentions or its expert reports because those products to do not practice the methods of the asserted claims or contain the patented features.

In *U.S. Ethernet Innovations, LLC v. Texas Instr. Inc.*, 2014 WL 1347994, at *2 (E.D. Tex. Apr. 3, 2014), a factually similar case, the defendant moved for summary judgment on the basis that the accused 68HC11 product family was sold prior to the critical date.[3] *See id*. at *1. The plaintiff had "avoided its admission concerning the accused Freescale 68HC11 products by claiming it 'inadvertently' named the products in its September 21 Infringement Contentions," which were withdrawn. *Id*. at *2. Summary judgment was denied because the defendant failed to show by clear and convincing evidence that the 68HC11 product family met each and every limitation of the asserted claims. *Id*.; *see also Medtronic Inc. v. Edwards Lifesciences Corp.*, 2013 WL 12113417, at *24 (C.D. Cal. Sept. 17, 2013) (citing *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002)).

In *U.S. Ethernet* the court noted that in both *Evans Cooling* and *Vanmoor* the <u>entire</u> basis of the lawsuit was that the accused infringing device was the prior art. *See id*. at *2. Here, the entire basis of Infinity's claim is not the DOC-IT Products themselves, but rather the use of certain patented features contained in certain ODA devices, as described in Infinity's initial and amended infringement contentions. While Infinity's infringement allegations against the features in and methods employed by the other accused products remains, the DOC-IT Products do not. Unlike *Evans Cooling* and *Vanmoor*, the "entire" bases of the lawsuit was not tied to the DOC-IT Products and now does not even arguably include the DOC-IT Products.

---

[3] The court noted that "[i]nstead of arguing that the 68HC11 product family meets each and every limitation of the Asserted Claims, TI attempts to shortcut its evidentiary burden by erroneously citing *Evans []* and *Vanmoor []* for the proposition that '[t]he defendant's burden to prove that the device anticipated the patented invention is met by the patentee's own allegations of infringement which serve as a *binding* admission that satisfies the accused infringer's burden to patentee's accusations of infringement serve as a binding admission that satisfies the accused infringer's burden to prove invalidity by anticipation with clear and convincing evidence.'" *Id*. at *2.

9

Also, in *U.S. Ethernet*, the court found that *Evans Cooling* and *Vanmoor* did not apply because "USEI does not contend that the 68HC11 product family infringe." *Id*. at *2. Here, like U.S. Ethernet—and unlike *Evans Cooling* and *Vanmoor*—Infinity does not accuse the DOC-IT Products of infringement. This is in direct contrast with *Evans Cooling*, where even on appeal the plaintiff continued to argue the alleged on-sale product infringed. *Evans Cooling*, 125 F.3d at 1451. Not only does Infinity not accuse the DOC-IT Products of infringement, it has offered expert opinion that the products do not contain all the elements of the patented invention. *See* Melendez Decl. Similarly, in *Vanmoor*, the plaintiff continued to accuse the on-sale product of infringement, instead arguing that defendants had failed to prove a prior sale or public use of the accused products. *Vanmoor*, 201 F.3d at 1365. The distinction is clear: Infinity does not accuse the DOC-IT Products of infringement, and therefore the *Evans Cooling* doctrine does not apply.[4]

**D.     ODA's Cases Do Not Support Its Broad Interpretation of the *Evans Cooling* Doctrine But Instead Confirm that the Narrow Doctrine Does Not Apply Here.**

Even the cases cited by ODA in its Motion reflect that the *Evans Cooling* doctrine is not a *per se* rule but instead a narrow exception that applies only in the manner and circumstances described by Infinity. *See, e.g.*, *Benedict v. General Motors Corp.*, 184 F. Supp. 2d 1197, (N.D. Fla. 2002) ("*Vanmoor* and *Evans* establish that **when a patent holder's entire claim is that an accused product infringes the patent,** then, for purposes of determining on motion for summary

---

[4] ODA's reliance on *Leader Techs., Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686 (D. Del. 2011), for the proposition that an early subsequently withdrawn accusation that a product infringes is sufficient to satisfy the defendant's burden to prove anticipation is misplaced. In *Leader Techs.*, this District held that substantial evidence supported the jury's determination that the patent was invalid based on on-sale bar because (1) the plaintiff's unqualified interrogatory response admitting that the prior art product is covered by the patent-in-suit, which admission was never withdrawn or qualified prior to trial; (2) the inventor's trial testimony (which the jury found non-credible); and (3) the inventor's conflicting deposition testimony (presented to the jury at trial) in which the inventor testified that he could not think of any version of the prior art product that did not practice the patent. *Id*. at 720.

10

judgment whether the patent is invalid because the accused product was earlier-invented or earlier-on-sale, no further showing of identity of the patents ad accused products is required.") (emphasis added); *Bennett Regulator Guards, Inc. v. Canadian Meter Co., Inc.*, 184 F. App'x 977, 978 n.1 (2006) (describing that the *Evans Cooling* doctrine is applicable "[w]hen the anticipatory reference is **the accused product**"); *see also Bennett Regulator Guards, Inc. v. Canadian Meter Co., Inc.*, 2005 WL 1123524, at *5 (N.D. Ohio May 10, 2005) (noting that "*[t]he whole basis for the infringement suit* is Plaintiff's allegation that the accused [prior art] product contains each and every element of the claimed invention") (emphasis added); *Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*, 2011 WL 13193425, at *3 (N.D. Ohio July 5, 2011) (holding that the Evans Cooling doctrine applied because the patentee's complaint alleged that the prior art product infringed and the patentee never amended its complaint nor argued that the prior art product identified in its complaint differed from the prior art product defendant asserted as invalidating); *see Cont'l Auto. Sys. US v. Shrader Elecs., Inc.*, 2012 WL 12930767, at *1 (E.D. Mich. June 28, 2012) (holding that the patentee's allegations of infringement are can demonstrate invalidity where the device accused of infringement does not differ materially from the alleged prior art); *RMDI, LLC v. Remington Arms Co.*, 2010 WL 5391274, at *1 (D. Utah Dec. 21, 2010) (applying the *Evans Cooling* doctrine where patentee maintains its infringement allegation and "the accused product is also alleged to be prior art"). Because no analogous circumstances exist here, the *Evans Cooling* doctrine does not apply and ODA must demonstrate that each and every element of the Asserted Claims of the Patents is contained within the DOC-IT Products, which it has not even attempted to do.

### E.   The Alleged Credibility of Infinity's Mistaken (Initial) Accusation Is Irrelevant.

ODA spends much of its brief arguing that Infinity's mistake inclusion of the DOC-IT Products in its Relevant Product list is not credible. D.I. 155 at 6-9. While the DOC-IT Products

should not have been included in the list of "relevant products," ODA's attack on the credibility of the mistake has no bearing on this Motion. *Evans Cooling*, *Vanmoor*, *U.S. Ethernet*, and the other cases applying *Evans Cooling* doctrine do not require the court to weigh the credibility of the mistake and ODA cites no authority to support its argument that the credibility of the mistake is at issue.[5] ODA's irrelevant attorney argument about the integrity of the mistake is not part of the analysis required by *Evans Cooling* and its progeny. The DOC-IT Products were mistakenly identified as "Relevant Products" accused of infringement when they do not, and Infinity had removed those products from the identified "Relevant Product" and disclaimed any infringement allegation against those products.[6]

**F.    ODA Failed to Meet Its Invalidity Burden.**

Courts have consistently held that a defendant must provide evidence of material identity if there is a dispute as to whether the products offered for sale prior to the critical date included the patented feature(s). In *BroadSoft, Inc. v. CallWave Commc'ns, LLC*, 282 F.Supp.3d 771, 791-92 (D. Del. 2017), the patentee initially accused prior art software releases of the plaintiff. The defendant disputed that it had accused a prior art product. Because there was a dispute, Judge Andrews found that the accused infringer could show anticipation by "demonstrating material identity" between the prior art product and the accused feature. *See id*. at 788, citing *ResQNet.com*

---

[5] Contrary to ODA's citation, *Cummings v. Adidas USA*, 716 F. Supp. 2d 323, 333 (S.D.N.Y. 2010) does not support ODA's argument that a withdrawn infringement allegation is irrelevant. There, the patentee never withdrew its infringement allegation but instead attempted to belatedly qualify its live allegation by arguing that it never identified which particular model of the prior art product infringed. *See id*. at 332-333. Here, it is undisputed that the DOC-IT Products never formed the exclusive basis of Infinity's infringement claims and are not accused of infringement.

[6] To the extent credibility of the mistake is relevant, it serves to raise a fact issue precluding summary judgment: without the benefit of technical discovery from ODA and presented with the facts of ODA's motion for leave to file an early summary judgment motion, Infinity's new litigation counsel who had recently appeared in this action (as well as the related actions) withdrew any infringement allegation against the DOC-IT Products. *See, e.g.*, D.I. 115 & D.I. 128.

*Inc. v. Lansa, Inc.*, 382 F.Supp.2d 424, 438 (S.D.N.Y. 2005) (denying summary judgment because accused product was not "materially identical" to product sold pre-critical date), *rev'd on other grounds*, 594 F.3d 860 (Fed. Cir. 2010); *see also Quantum Loyalty Systems, Inc. v. TPG Rewards*, 2011 WL 2015221, at *5 (D. Del. May 21, 2011) (finding that *Evans Cooling* and *Vanmoor* "have no application" because the "only remaining accusation of infringement is against e-Movie Cash, which was released after the […] critical date" and as a result, the alleged infringer "must demonstrate that the device actually embodied or rendered obvious the patented invention."); *ViaSat, Inc. v. Space Sys.*, 2013 WL 12061800, at *5 (S.D. Cal. Jan. 8, 2013).

Here, Infinity has provided expert testimony and evidence that the DOC-IT Products do not contain a number of the required patent elements, including those that form the basis of its infringement theory against the actually accused ODA devices. *See* Melendez Decl. and exhibits thereto. For example, the DOC-IT products (1) are not "fax machines"; and (2) do not employ "generic send/receive communications software" as recited in the asserted claims of the Patents. *See, e.g.*, Melendez Decl. ¶¶ 28-46. By contrast, ODA has not provided any evidence or argument that the DOC-IT Products are identical to the accused Oki Data devices (*see* Ex. 9) or that the DOC-IT Products otherwise contain each and every element of the asserted claims of the Patents. "[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard." *Tate Access Floors*, 279 F.3d at 1367. ODA failed to meet its burden to prove by clear and convincing evidence on an element-by-element basis that each and every limitation of any asserted claim of the Patents is present in the DOC-IT Products. *See id*. Consequently, ODA's Motion should be denied.

## V. CONCLUSION

For the above stated reasons, Infinity requests that the Court deny Defendant's Motion.

13

Dated: January 21, 2019                                  Respectfully submitted,

<u>/s/   William J. Rhodunda, Jr.</u><br>
William J. Rhodunda, Jr. (No. 2744)<br>
Chandra J. Williams (No. 4907)<br>
Rhodunda Williams & Kondraschow<br>
Brandywine Plaza West<br>
1521 Concord Pike, Suite 205<br>
Wilmington, DE 19803<br>
Telephone: (302) 576-2000<br>
Facsimile:  (302) 576-2004<br>
bill@rawlaw.com

Andrew G. DiNovo (admitted *pro hac vice*)
Nicole E. Glauser (admitted *pro hac vice*)
Gabriel R. Gervey (admitted *pro hac vice*)
Daniel L. Schmid (admitted *pro hac vice*)
DiNovo Price LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile:  (512) 539-2627
adinovo@dinovoprice.com
nglauser@dinovoprice.com
ggervey@dinovoprice.com

**Counsel for Plaintiff**
**Infinity Computer Products Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2019 a copy of the foregoing was served by the Court's ECF system on the attorneys of record.

*/s/   William J. Rhodunda, Jr.*
William J. Rhodunda, Jr.
