IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC.,      ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.      ) | C.A. No. 18-463-LPS |
| ) | |
| OKI DATA AMERICAS, INC.,     ) | |
| ) | |
| Defendant.   ) | |

**DEFENDANT OKI DATA AMERICAS, INC.'S REPLY BRIEF IN SUPPORT OF ITS<u>
MOTION FOR SUMMARY JUDGMENT OF ANTICIPATION</u>**

OF COUNSEL:
Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
NAGASHIMA HASHIMOTO & YASUKUNI
12005 Sunrise Valley Drive, Suite 203
Reston, VA 20191
(703) 901-8860

John W. Shaw (No. 3362)
Jeff Castellano (No. 4837)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
arussell@shawkeller.com
*Attorneys for Oki Data Americas, Inc.*

Dated: January 25, 2019

# **TABLE OF CONTENTS**

                                                                                              **Page**

RESPONSE TO COUNTERSTATEMENT OF FACTS ............................................................. 2

ARGUMENT .................................................................................................................................. 3

      A. Infinity Misconstrues *Evans Cooling* and *Vanmoor* ..................................................... 3

      B. Infinity's Cases Are Inapposite ........................................................................................ 4

      C. There Are No Disputes of Fact ......................................................................................... 6

CONCLUSION ............................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*,
  No. 1:10CV773, 2011 U.S. Dist. LEXIS 163876 (N.D. Ohio July 5, 2011) .......................... 4, 5

*Bennett Regulator Guards, Inc. v. Canadian Meter Co.*,
  184 F. App'x 977 (Fed. Cir. 2006) .......................................................................................... 5

*BroadSoft, Inc. v. CallWave Communs.*,
  LLC, 282 F. Supp. 3d 771 (D. Del. 2017) ............................................................................... 5

*Cummings v. Adidas USA*,
  716 F. Supp. 2d 323 (S.D.N.Y. 2010) .................................................................................. 4, 5

*Evans Cooling Sys. v. GMC*,
  125 F.3d 1448 (Fed. Cir. 1997) ....................................................................................... passim

*Medtronic Inc. v. Edwards Lifesciences Corp.*,
  C.A. No. 12-327-JVS, Slip. Op. (C.D. Cal. Sept. 17, 2013) ................................................... 6

*Quantum Loyalty Sys. v. TPG Rewards, Inc.*,
  C.A. No. 09-022-SLR-MPT, 2011 U.S. Dist. LEXIS 55229
  (D. Del. May 24, 2011) ............................................................................................................ 6

*Seoul Viosys Co. v. P3 Int'l Corp.*, No. 16-6276 (AJN),
  2018 U.S. Dist. LEXIS 5997 (S.D.N.Y. Jan. 12, 2018) ........................................................... 6

*Vanmoor v. Wal-Mart Stores, Inc.*,
  201 F.3d 1363 (Fed. Cir. 2000) ....................................................................................... passim

*Viasat, Inc. v. Space Systems/Loral, Inc.*,
  C.A. No. 12-260-H (WVG), Slip Op. (S.D. Cal. Jan. 8, 2013) ............................................ 5, 6

**Statutes**

35 U.S.C. § 102(b) .......................................................................................................................... 1

**Other Authorities**

Fed. R. Civ. P. 11 .................................................................................................................... 1, 2, 3

Fed. R. Civ. P. 12 ............................................................................................................................ 6

Infinity asks the Court to ignore its repeated assertions of infringement including those made to the Court because they were "mistakes." And while Infinity's claim of mistake is simply not credible, it asserts that the credibility of its claim of mistake is "irrelevant." (D.I. 157 at 11-12). Infinity apparently wants a system in which patentees are free to make and withdraw accusations of infringement without consequence, but that is not the system set out by the Federal Circuit in *Evans Cooling* and *Vanmoor*. Under those cases, Infinity's unequivocal and repeated accusation that prior art products infringe results in invalidation of its patents.

Infinity ***does not dispute any of the facts*** upon which ODA's motion for summary judgment is based, including, *inter alia*, that: (1) the DOC-IT products are prior art to all four patents-in-suit under 35 U.S.C. § 102(b); (2) Infinity accused the prior art DOC-IT products of infringing the patents-in-suit; (3) Infinity had a good faith basis to accuse the DOC-IT products, and had investigated its claims under Rule 11; (4) Infinity selectively accused ODA products and provided a claim chart representative of its accusations of infringement for all products; (5) ODA has conceded that the DOC-IT products infringe the asserted claims. (D.I. 155 at 1-4).

Instead, Infinity asserts that *Evans* and *Vanmoor* do not apply because its accusations of the DOC-IT products were never "the exclusive basis" of its infringement case. (D.I. 157 at 12 n.5). Having invented the "exclusive basis" standard, Infinity concludes that ***every*** accused product would have to be prior art before *Evans* and *Vanmoor* could apply. That is not the law.

Infinity says it now believes (based on public information that was available to it ***before*** it served its contentions) that the DOC-IT products do not infringe and that therefore it should not be held to its prior positions and representations. But a patentee's non-infringement allegations are irrelevant where the patentee previously accused the prior art. Moreover, Infinity

1

ignores the cases that invalidate patents based on early contentions. Thus, Infinity's new positions and its self-serving expert declaration can be disregarded.[1]

## RESPONSE TO COUNTERSTATEMENT OF FACTS

Although Infinity's June 8, 2018 disclosures referred to the 104 accused products as "Relevant Products," Infinity repeatedly confirmed (including in subsequent infringement contentions, correspondence with ODA, and statements to the Court) that these products were not merely "relevant," but were in fact "accused." (D.I. 155 at 1-3; D.I. 155, Ex. D). As Infinity points out, it insisted that ODA "produce core technical documents for each ***accused product***," including the DOC-IT products. (D.I. 157 at 3 (emphasis added)). Although Infinity now claims the DOC-IT products are not "substantially similar" to the other accused products (D.I. 157 at 4), Infinity has previously admitted that (1) the DOC-IT products were substantially similar and were accused[2] and (2) the charted product was representative of all other accused products.[3]

Infinity does not dispute that it performed a Rule 11 analysis of the DOC-IT products and

---

[1] In addition to arguing that it does not matter whether Infinity's claims of "mistake" are credible, Infinity's current counsel tries to pass the buck to Infinity's prior counsel. (D.I. 157 at 12 n.6). But Infinity's current counsel filed their appearances on July 26, 2018 (D.I. 115), nearly a month before Infinity served its contentions accusing the DOC-IT products (D.I. 121). Those were the first infringement contentions served despite the fact that the original complaint was filed in 2010. Infinity's current counsel also sent a letter confirming that the products were accused. (D.I. 155, Ex. D). Infinity's current counsel also represented to this Court that Infinity had "identified 104 relevant infringing products." (D.I. 120 at 1). And Infinity did not serve amended infringement contentions omitting the DOC-IT products until September 21, 2018, *after* ODA sought leave to file this summary judgment motion. Thus, Infinity's current counsel served and argued in support of Infinity's accusations against the DOC-IT products, and only reversed its position after ODA informed them they had accused prior art products.

[2] (D.I. 142 at 41:10-13 (all 104 "substantially similar" products were "accused"), 41:21-23 ("we were accusing substantially similar" products), 44:22 (DOC-IT products were "accused")).

[3] (D.I. 142 at at 41:10-13 ("A representative product was charted, and the accusation was that all substantially similar products including those listed . . . are also accused."), 45:8-9 ("The original 7(c) disclosures charted a single representative product."), 46:11-12 ("We then charted a particular representative product").

had a good faith basis to accuse them of infringement. (D.I. 155 at 1; D.I. 157 at 1-4). Instead, Infinity suggests that if it had ODA's non-public documents it would have realized the DOC-IT products did not infringe. (D.I. 157 at 3). This is a *non sequitur*; regardless of whether Infinity had any additional non-public documents, the publicly available information conclusively showed the DOC-IT products were prior art. Moreover, its expert declaration is based almost exclusively on an undisputedly *public* document. (D.I. 158, Exh. 6[4]). Thus, eight years after it filed the complaint against ODA, Infinity cannot credibly dispute it had the support it needed to allege infringement of the DOC-IT products.

Infinity asserts that the DOC-IT products "never formed the basis of Infinity's infringement allegation." (D.I. 157 at 1, 2, 4). While legally irrelevant for the reasons set forth below, Infinity's assertion is also illogical. Infinity seems to be arguing that because the DOC-IT products were just two of many accused products, they just are not important enough to justify the relief ODA seeks. *Every* accused product forms "the basis" of a patentee's infringement case: Imagine a case with just two accused products and try to determine which one is "the basis" of the suit. Infinity's *de minimis* argument is unworkable, inequitable, and illogical. Furthermore, it eviscerates the burden on counsel to perform a proper Rule 11 analysis before making accusations of infringement and invites gamesmanship.

## ARGUMENT

### A.    Infinity Misconstrues *Evans Cooling* and *Vanmoor*

Infinity repeatedly characterizes the holdings of *Evans Cooling* and *Vanmoor* as a "narrow exception" to the rule that the defendant bears the burden to prove invalidity. (D.I. 155 at 2, 5). But as the Federal Circuit explained, where a patentee accuses a prior art product of

---

[4] This document is publicly available at, for example, http://www.fireballpc.com/Laser_Printer_Manuals/Okidata/DOC-IT%203000,%20DOC-IT%204000%20Service%20Manual.pdf

3

infringement and defendant concedes infringement, the defendant's burden is **satisfied**, not excused. *See*, *e.g.*, *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000) ("Although [defendants] bore the burden of proving that the cartridges that were the subject of the pre-critical date sales anticipated the '331 patent, that burden was satisfied by [plaintiff's] allegation that the accused cartridges infringe the '331 patent."). Thus, ODA has met its burden.

Infinity also asserts that *Evans Cooling* and *Vanmoor* apply where the infringement claim forms the "entire basis" of the patentee's lawsuit. (D.I. 157 at 5-7). Infinity interprets this language to mean the "exclusive basis" (D.I. 157 at 12 n.5) but neither *Evans Cooling* nor *Vanmoor* require that that ***every*** accused product is prior art, and there is no reason to adopt such a narrow interpretation. *See*, *e.g.*, *Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*, No. 1:10CV773, 2011 U.S. Dist. LEXIS 163876, at *7-9 (N.D. Ohio July 5, 2011) (holding patent invalid where one of two accused products was prior art).[5]

## B.    Infinity's Cases Are Inapposite

Infinity's *U.S. Ethernet* case cannot be squared with *Evans Cooling* and *Vanmoor*, or with district court cases holding that early accusations of infringement against prior art products will support a finding of invalidity. *See Cummings v. Adidas USA*, 716 F. Supp. 2d 323, 332-33 (S.D.N.Y. 2010) (granting summary judgment of invalidity despite patentee's attempts to re-cast its infringement contentions as excluding prior art products); *Allied Mach.*, 2011 U.S. Dist. LEXIS 163876, at *8-9 (granting summary judgment based on allegation in complaint), *aff'd*

---

[5] Infinity also seems to suggest that *Evans Cooling* does not apply because it is "the use of certain patented features contained in [the] devices" rather than "the DOC-IT products themselves" that infringe. (D.I. 157 at 9). But Infinity did not limit its infringement accusations to any particular "features," and instead accused the products themselves and "the associated computer hardware and internal semiconductors, software and data, and processes and methods related thereto." (*E.g.*, D.I. 155, Exh. C at 1). Infinity has repeatedly referred to the DOC-IT products as "accused." (D.I. 155 at 2-3).

4

C.A. No. 12-1119 (Fed. Cir. Aug. 9, 2012); *see also Bennett Regulator Guards, Inc. v. Canadian Meter Co.*, 184 F. App'x 977, 978 n.1 (Fed. Cir. 2006) ("'[w]hen the anticipatory reference is the accused product, the Defendant's burden [of showing that the anticipatory reference contains each and every claim element] is satisfied by the Plaintiff's infringement allegations *in the Complaint*[ ]that the accused product embodies the claimed invention.'" (emphasis added)).

This case is much closer to *Cummings*, where the plaintiff attempted to walk back its infringement allegations. The court in that case noted that the patentee's claims of mistake were "apparently concocted to avoid summary judgment" and were rejected. *Cummings*, 716 F. Supp. 2d at 332.[6] That is exactly what happened in the present case.

Infinity misapplies the "material identity" cases it cites. Those cases apply where a ***later version*** of a product was accused, and the accused infringer therefore needed to show that the earlier version, sold before the critical date, was materially identical to the later version.[7] They are inapplicable here, where Infinity has accused **all** of the DOC-IT3000/4000 products, has

---

[6] Infinity's attempt to distinguish *Cummings* is unavailing. Whether the actions of the patentee in that case are described as an attempt to "qualify" live contentions to exclude prior art products, or a withdrawal of contentions to exclude prior art products, *Cummings* stands for the proposition that a patentee cannot use the mutability of contentions to avoid the application of *Evans Cooling* where the defendant has conceded infringement. 716 F. Supp. 2d at 333.

[7] *See, e.g., BroadSoft, Inc. v. CallWave Communs.*, LLC, 282 F. Supp. 3d 771, 788 (D. Del. 2017) (evidence showed accused product had been updated since the prior art version); *Viasat, Inc. v. Space Systems/Loral, Inc.*, C.A. No. 12-260-H (WVG), Slip Op. at *10 (S.D. Cal. Jan. 8, 2013) (attached as Exh. A) (patentee produced "affirmative evidence" of material differences between pre-critical-date product and post-critical-date product). Each of these cases involves an accusation against a specific version of the product, and evidence that the earlier version was different. Here, however, Infinity accused the DOC-IT products generally, and has introduced **no** evidence showing that the products it accused differed in any way from those sold before the critical date. *See Allied Mach.*, 2011 U.S. Dist. LEXIS 163876, at *8 (granting summary judgment under *Evans* and *Vanmoor* where "[n]either [plaintiff's] brief nor any of the affidavits supporting its brief challenge the sale or argue that [the accused infringer] ever materially changed the [accused product's] design."). As the *Viasat* court observed, "[i]f the [patent] holder's infringement contentions claim a particular product infringes and that product was undisputably on sale prior to the patent's critical date, then the infringement contentions, if taken as true, actually prove the patent's invalidity." *Viasat*, Slip Op. at *7.

5

never limited its accusation to any particular version or configuration, and has never (itself or by way of its expert) alleged that any version of the products—earlier or later—differ in any way.[8]

### C. There Are No Disputes of Fact

Infinity asserts that its current allegation that the DOC-IT products do not infringe creates a dispute of fact. (D.I. 157 at 2-3). On the contrary, as the Federal Circuit held in affirming summary judgment in both *Evans Cooling* and *Vanmoor*, allegations of non-infringement are irrelevant where the defendant has conceded infringement. *Evans Cooling Sys. v. GMC*, 125 F.3d 1448, 1451 (Fed. Cir. 1997); *see also Vanmoor*, 201 F.3d at 1366; (*see also* cases cited at D.I. 155 at 6).

The undisputed material facts are that Infinity accused two prior art ODA products of infringement, repeated its accusations in its contentions, in its correspondence, and in its oral and written statements to the Court, and that ODA has conceded that those products infringe. The Court does not need to evaluate irrelevant claims of mistake or new allegations of non-infringement "apparently concocted to avoid summary judgment." Under *Evans Cooling* and *Vanmoor*, Infinity's accusations against the prior art DOC-IT products invalidate its patents.

### CONCLUSION

For these reasons, ODA respectfully requests that the Court grant ODA's motion.

---

[8] Infinity's other cases are likewise inapposite. *See Seoul Viosys Co. v. P3 Int'l Corp.*, No. 16-6276 (AJN), 2018 U.S. Dist. LEXIS 5997, at *9 (S.D.N.Y. Jan. 12, 2018) (denying Rule 12 motion to dismiss based on *Evans Cooling* on procedural grounds because "evidence of prior sales was not in the pleadings"); *Quantum Loyalty Sys. v. TPG Rewards, Inc.*, C.A. No. 09-022-SLR-MPT, 2011 U.S. Dist. LEXIS 55229, at *3-5, 18, 20 (D. Del. May 24, 2011) (denying motion to dismiss where the prior art product was not actually accused); *Medtronic Inc. v. Edwards Lifesciences Corp.*, C.A. No. 12-327-JVS (MLGx), Slip. Op. at *44 (C.D. Cal. Sept. 17, 2013) (attached as Exh. B) (rejecting "practicing the prior art" defense, which is undisputedly not at issue here).

6

Respectfully submitted,

SHAW KELLER LLP

*/s/ Jeff Castellano*
John W. Shaw (No. 3362)
Jeff Castellano (No. 4837)
Andrew E. Russell (No. 5382)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
arussell@shawkeller.com
*Attorneys for Oki Data Americas, Inc.*

OF COUNSEL:
Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
NAGASHIMA HASHIMOTO & YASUKUNI
12005 Sunrise Valley Drive, Suite 203
Reston, VA 20191
(703) 901-8860

Dated: January 25, 2019

7