# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> OKI DATA AMERICAS, INC., <br><br> Defendant. | C.A. No. 18-463-LPS |

William J. Rhodunda, Jr. and Chandra J. Williams, RHODUNDA WILLAMS & KONDRASCHOW, Wilmington, DE

Andrew G. DiNovo, Nicole E. Glauser, Gabriel R. Gervey, and Daniel L. Schmid, DINOVO PRICE LLP, Austin, TX

    Attorneys for Plaintiff


John W. Shaw, Jeff Castellano, and Andrew E. Russell, SHAW KELLER LLP, Wilmington, DE

Marc R. Labgold and Patrick J. Hoeffner, NAGASHIMA HASHIMOTO & YASUKUNI, Reston, VA

    Attorneys for Defendant

## MEMORANDUM OPINION

June 10, 2019
Wilmington, Delaware

**STARK, U.S District Judge:**

Infinity Computer Products, Inc. ("Infinity" or "Plaintiff") sued Oki Data Americas, Inc. ("Oki Data" or "Defendant") for infringement of U.S. Patent Nos. 6,894,811 ("the '811 patent"), 7,489,423 ("the '423 patent"), 8,040,574 ("the '574 patent"), and 8,294,915 ("the '915 patent"). The asserted patents relate to systems for connecting a fax machine to a computer so that the fax machine can be used as a printer or scanner. (*See* '811 patent, Abstract) Oki Data makes devices that Infinity contends infringe the patents. (D.I. 1)

Oki Data has moved for summary judgment that the patents-in-suit are invalid as anticipated. (D.I. 154) The Court heard argument on February 4, 2019. (D.I. 170) ("Tr.") For the reasons stated below, the Court will deny Oki Data's motion.

## I. LEGAL STANDARDS

### A. Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts

1

showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson*, 477 U.S. at 252.

**B.     Anticipation**

A claim is anticipated under pre-AIA 35 U.S.C. § 102 if:

> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . .

A patent claim is anticipated if each and every limitation is found, either expressly or inherently, in a single prior art reference. *See In re Gleave*, 560 F.3d 1331, 1334 (Fed. Cir. 2009); *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1321-22 (Fed. Cir. 2003). This test mirrors, to some extent, the test for infringement, and "it is axiomatic that that which would literally infringe if later anticipates if earlier." *Bristol–Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1378 (Fed. Cir. 2001). In order to anticipate, however, a reference must "show all of the limitations of the claims arranged or combined in the same way as recited in the claims." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1370 (Fed. Cir. 2008).

"While anticipation is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.*, 609 F.3d 1345, 1349 (Fed. Cir. 2010) (internal citation omitted).

## II. DISCUSSION

In moving for summary judgment of anticipation, Oki Data contends that Infinity has essentially admitted that its patents are anticipated by two Oki Data products. (D.I. 155 at 4) Oki Data reaches this conclusion based on the following logic: (1) the two Oki Data products are prior art to the patents-in-suit; and (2) Infinity accused the two Oki Data products of infringing the patents-in-suit. (*Id.*)

The Oki Data products at issue are models DOC-IT3000 and DOC-IT4000 (together, "the DOC-IT models"). In the view of Oki Data, the DOC-IT models are prior art under pre-AIA 35

U.S.C. § 102(b) because they were released on September 28, 1992, more than one year before the April 11, 1994 priority date of the patents-in-suit. (*Id.* Exs. A, F, G)

As Oki Data further observes, Infinity accused the DOC-IT models of infringement four times: (1) in Infinity's June 8, 2018 disclosure, which identified the DOC-IT models as accused products (*id.* Ex. B); (2) in an August 10, 2018 brief characterizing the products listed in the June 8 disclosure as "the accused products" (D.I. 120 at 1); (3) in an August 15, 2018 letter to Oki Data's counsel, again characterizing the products in the June 8 disclosure as "the accused products" (D.I. 155 Ex. D); and (4) in Infinity's initial infringement contentions, produced on August 20, 2018, which list the DOC-IT models (D.I. 155 Ex. C). (D.I. 155 at 7) To Oki Data, Infinity's allegations that the prior art DOC-IT models infringe satisfy Oki Data's burden, under the law of anticipation, to show that the DOC-IT models include every element of the claims. (D.I. 155 at 4)

Infinity does not deny that the DOC-IT models are prior art, and admits that it accused the DOC-IT models of infringement. (D.I. 157 at 3-4) Nonetheless, Infinity opposes summary judgment by contending: (1) the inclusion of the DOC-IT models in its infringement contentions was "inadvertent" and "erroneous[]" (D.I. 128 at 2; D.I. 157 at 2); and (2) the DOC-IT models do not actually infringe because they do not satisfy certain claim limitations (D.I. 157 at 12-13).

The Court will deny the motion for summary judgment. "[I]t is always said – and properly so – that the trial court has discretion to avoid the consequence of conclusiveness of an admission." WIGMORE ON EVIDENCE § 2590 (4th ed. 2018). The circumstances here support an exercise of this discretion. The Court accepts Infinity's representation that its accusation of infringement against the DOC-IT models was "inadvertent," in "error," and a "mistake." (D.I. 128 at 2, 5; D.I. 142 at 46; *see also United States v. Belculfine*, 527 F.2d 941,

4

944 (1st Cir. 1975) ("[C]onsiderations of fairness dictate that [the] class of 'involuntary' admissions be narrow."))[1] The most recent accusation was made in the initial infringement contentions, in which 102 other accused products were identified, and neither DOC-IT model was specifically charted. (D.I. 125, Ex. B) It is not implausible that in the context of accusing so many products that a mistake was made. More importantly, there is no evidence that this was the sort of "deliberate, clear, and unequivocal" statement that warrants locking Infinity into its position. *See Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 329 (5th Cir. 2001). It is also pertinent that the mistake occurred in connection with "initial" infringement contentions, which are often modified. (*See* D.I. 107 at 3-4, 11) (providing for the filing of *final* infringement contentions on July 19, 2019) Oki Data has provided no evidence that it relied to its detriment on Infinity's accusation of the DOC-IT models. (*See* Tr. 92-93) (Oki Data agreeing that accusation of the DOC-IT models has not, in itself, prejudiced Oki Data) Oki Data's proposed outcome – the invalidation of all patents-in-suit – is unwarrantedly harsh.[2]

---

[1] While the accusation of the DOC-IT models was made four times, three occurred over the course of less than two weeks (in August 2018), and all before Oki Data provided its core technical documents. In reality, it appears that Infinity made one mistake, which manifested itself repeatedly, during a period in which Infinity had no occasion to reevaluate its position. While it is true (as Oki Data emphasizes) that Infinity made the same mistake in at least one other case – *see Infinity Computer Products v. Xerox Corp.*, C.A. No. 12-6804 D.I. 80-1 (E.D. Pa. Apr. 23, 2018), in which Infinity accused a prior art Xerox product of infringement – making the error here more troubling – it is also true that the other court denied the accused infringer's motion for summary judgment on anticipation (that was based on essentially the same argument as made here) (*see* D.I. 168-1 Ex. A).

[2] Additionally, Infinity now contends (and provides supporting expert testimony) that the DOC-IT models do not meet all of the claims' limitations (D.I. 157 at 12-13), meaning there are likely genuine disputes of material fact as to whether these models actually anticipate the claims.

The cases on which Oki Data relies (D.I. 155 at 4-5; D.I. 163 at 3-4) are inapposite. *See Evans Cooling Sys., Inc. v. GMC*, 125 F.3d 1448, 1451-52 (Fed. Cir. 1997); *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2009). The patentees' accusations against prior art products in both *Evans Cooling* and *Vanmoor* were intentional and, indeed, were the entire basis for the infringement claims. *See Evans Cooling*, 125 F.3d at 1451 (noting that accusation of prior art product was "sole basis for the complaint"); *Vanmoor*, 201 F.3d at 1366 (noting that "the entire basis of the patent infringement claim is [plaintiff's] contention that the accused [prior art products] infringe"). Here, by contrast, the DOC-IT models are only two of 104 accused products (D.I. 125 Ex. B) and the accusation of the DOC-IT models was a mistake (D.I. 128 at 5). In the district court cases Oki Data points to (D.I. 155 at 5, 7) – *Cummings v. Adidas USA*, 716 F. Supp. 2d 323, 333 (S.D.N.Y. 2010), and *Allied Mach. & Eng'g Corp. v. Competitive Carbide, Inc.*, 2011 U.S. Dist. LEXIS 163876, at *7-10 (N.D. Ohio July 5, 2011) – the patentees never withdrew their allegations that the prior art products infringe.

The only two cases cited by either side involving withdrawn infringement contentions support this Court's conclusion. In *U.S. Ethernet Innovations, LLC v. Texas Instruments Inc.*, 2014 WL 1347994, at *2 (E.D. Tex. Apr. 3, 2014), the court denied a motion for summary judgment of anticipation where, like here, the plaintiff withdrew an "inadvertently" named prior art product from its infringement contentions. Similarly, in *Infinity Computer Products, Inc. v. Xerox Corp.*, C.A. No. 12-6804 D.I. 123 at 1 (E.D. Pa. Feb. 15, 2019), the court denied a motion for summary judgment of anticipation where, like here, Infinity withdrew mistakenly-named prior art products "long before discovery was set to be complete."

### III. CONCLUSION

For the reasons given above, the Court will deny Oki Data's motion for summary judgment. An appropriate order follows.

6