IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-463-LPS |
| | ) | |
| OKI DATA AMERICAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**EMERGENCY MOTION FOR EXTENSION OF TIME**

Defendant Oki Data Americas, Inc. ("Oki Data") hereby moves under Fed. R. Civ. P. 6(b)(1) and Local Rule 7.1.2 for a 14-day extension of its time to respond to Infinity Computer Products, Inc.'s ("Infinity") motion for reconsideration (D.I. 177, 178). Oki Data's answering brief is currently due on Monday, July 8, 2019. Oki Data respectfully submits that good cause exists to grant this motion, as set forth below.

1. Infinity filed its motion for reconsideration and supporting brief on June 24, 2019, seeking reconsideration of the Court's ruling that the asserted claims of the patents-in-suit are invalid as indefinite. (D.I. 177, 178). The next day, counsel for Oki Data contacted counsel for Infinity and requested an extension of its time to respond to Infinity's motion until July 22, 2019. In that email, counsel for Oki Data explained that "[o]ver the next several weeks, our key team members will be traveling (including internationally) and attending to substantial commitments in other cases. In addition, our response period includes the July 4 holiday." Counsel for Infinity refused to grant the courtesy extension, agreeing only to a 3-day extension and stating as the basis of its refusal that "we have a number of other cases in which the district court proceedings are formally or informally waiting on this result." In a follow-up discussion by

telephone involving lead and Delaware counsel for both parties, counsel for Oki Data provided more detail regarding unavailability of Oki Data's counsel. Infinity again declined to agree to anything beyond a 3-day extension on the grounds that unspecified other parties or courts are waiting for the Court's ruling.

2. Lead counsel for Oki Data, Marc Labgold—who argued the indefiniteness issue at the claim construction hearing and will likely argue the reconsideration motion to the extent the Court holds a hearing—is currently in Indonesia (having been in Japan and Singapore for other matters the past 10 days) and will not return to the U.S. until July 1. He is unavailable to attend to Oki Data's response to Infinity's motion at least through that time. Other key counsel for Oki Data, including the lead drafters of Oki Data's indefiniteness arguments (the subject of Infinity's motion for reconsideration) are unavailable through July 11 as a result of other case commitments (including expert depositions in one patent case and pretrial preparations in a another federal court case), as well as previously scheduled personal vacation from Saturday June 29 through Sunday July 7.

3. Under Fed. R. Civ. P. 6(b)(1)(A), the Court may extend the response deadline for good cause upon a party's motion. "Courts have described Rule 6(b)(1)(A)'s 'good cause' standard as 'non-rigorous' and have noted that a request for an extension of time pursuant to the Rule should ''normally. . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.''" *Davis v. Ace Hardware Corp.*, C.A. No. 12-1185-SLR-CJB, 2014 U.S. Dist. LEXIS 90657, at *94-96 (D. Del. July 2, 2014) (quoting 4B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)).

4. Good cause exists here. Oki Data's request is made in good faith, which Infinity cannot credibly contest. Given the importance of this issue to the overall disposition of the case,

a relatively short extension of Oki Data's time to respond to Infinity's motion for reconsideration to alleviate the difficulties caused by professional and personal conflicts is both reasonable and sensible. Providing Oki Data additional time to brief this important issue will benefit the Court as well, by ensuring that Oki Data's counsel has adequate time to fully and cogently respond to Infinity's arguments.

5. Infinity has articulated no prejudice arising from a 14-day extension. As Infinity itself acknowledged in its motion for reconsideration, this case has been pending for "nine plus years." (D.I. 178 at 2). Infinity has not articulated any reason to believe that a two-week extension will unduly delay resolution of Infinity's motion or this case more broadly. Counsel for Infinity may be right that others are waiting for this result, but that does not constitute prejudice to Infinity. Moreover, Infinity has agreed to at least a 3-day extension, and took the full 14 days allowed under the Local Rules to file its motion. If Infinity were prejudiced by the passage of time alone, it would have acted more quickly itself.

6. For these reasons, Oki Data requests a 14-day extension of its time to respond to the motion for reconsideration, until July 22, 2019. Oki Data regrets having to burden the Court with what should have been a routine stipulated extension.

7. Pursuant to D. Del. L. R. 7.1.1, counsel for Oki Data avers that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in this motion.

WHEREFORE, Oki Data respectfully requests that the Court grant its motion to extend and enter the Order attached as Exhibit A hereto.

|  |  |
|---|---|
|  | */s/ Jeff Castellano* |
|  | John W. Shaw (No. 3362) |
|  | Jeff Castellano (No. 4837) |
|  | Andrew E. Russell (No. 5382) |
|  | SHAW KELLER LLP |
|  | I.M. Pei Building |
|  | 1105 North Market Street, 12th Floor |
|  | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 298-0700 |
| Marc R. Labgold, Ph.D. | jshaw@shawkeller.com |
| Patrick J. Hoeffner | jcastellano@shawkeller.com |
| NAGASHIMA HASHIMOTO & YASUKUNI | arussell@shawkeller.com |
| 12005 Sunrise Valley Drive, Suite 203 | *Attorneys for Oki Data Americas, Inc* |
| Reston, VA 20191 |  |
| (703) 901-8860 |  |

Dated: June 26, 2019

4