IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | § § § |
| *Plaintiff*, | § § |
| v. | §  CIVIL ACTION NO. 18-463-LPR-CJB § § |
| OKI DATA AMERICAS, INC., | § § § |
| *Defendant.* | § |

**PLAINTIFF INFINITY COMPUTER PRODUCTS INC.'S
RESPONSE TO EMERGENCY MOTION**

Pursuant to the Court's Oral Order (D.I. 180), Plaintiff Infinity Computer Products, Inc. ("Infinity" or "Plaintiff") hereby responds to the Emergency Motion for Extension of Time (D.I. 179) filed by Defendant Oki Data Americas, Inc. ("Oki Data" or "Defendant"), and in support thereof, states as follows:

**I.    ARGUMENT**

On June 10, 2019, the Court issued its Order (D.I. 173) and corresponding Memorandum Opinion (D.I. 172) ruling that "passive link" and "computer" are indefinite (the "June 10 Order"). In accordance with local rules, Infinity filed a 10-page Motion for Reconsideration (D.I. 177) regarding the June 10 Order within 14 days, on June 24, 2019. The Motion for Reconsideration lays out precisely, in Infinity's view, how Oki Data's claim construction briefing and figures misrepresented the prosecution history, providing an incorrect factual predicate to the June 10 Order.

Oki Data was apprised of Infinity's intent to file its Motion for Reconsideration by approximately June 11, 2019, its counsel repeatedly having contacted Infinity's counsel beginning the day following the June 10, 2019 Order. Yet not once prior to Infinity's filing did Oki Data

1

make a request for additional time to respond—even in connection with the Parties' June 17, 2019 Joint Status report.

As potentially dispositive of multiple cases, the June 10 Order has also spurred a fever of activity from counsel from co-defendants in concurrently pending matters regarding the same patents in E.D.Pa., E.D.N.Y. and D. Ky.,[1] all of which have repeatedly contacted counsel for Infinity and requested a dismissal or stay of those other cases.  Consequently, while Infinity is cooperating and has generally agreed not to pursue further discovery or motion practice while discussing procedural coordination, delays requested by Oki Data in this case affect timing in those cases as well.

Accordingly, when Oki Data contacted the undersigned asking for a doubling of the response period to Infinity's 10-page Motion (for a total response time of 28 days) in view of the intervening July 4 holiday and various attorney travel schedules to various other locales, Infinity offered its agreement to a three-day extension.  As a professional courtesy, Infinity offered three additional business days from Monday, July 8 to Thursday, July 11—two days in addition to the federal holiday—to accommodate for the one day holiday and travel schedules among Defendant's many capable attorneys.

Ultimately, of course, Infinity acknowledges that the schedule for Oki Data's response is fully within the Court's discretion.  But Infinity respectfully submits that 17 days to respond to Infinity's 10-page motion is adequate and while professional courtesy is highly important, so too

---

[1] These matters are: *Infinity Comput. Prods., Inc. v. Toshiba Am. Bus. Sols., Inc.*, Case No. 2:12-cv-06796 (E.D. Pa.)*; Infinity Comput. Prods., Inc. v. Samsung Elecs. Am., Inc.*, Case No. 2:12-cv- 06798 (E.D. Pa.); *Infinity Comput. Prods., Inc. v. Konica Minolta Bus. Sols., U.S.A., Inc.*, Case No. 2:12-cv-06802 (E.D. Pa.); *Infinity Comput. Prods., Inc. v. Hewlett-Packard Co.*, Case No. 2:12-cv-06805 (E.D. Pa.)*; Infinity Comput. Prods., Inc. v. Ricoh USA, Inc.*, Case No. 2:12-cv-06807 (E.D. Pa.); and *Infinity Comput.Prods., Inc. v. Dell, Inc.*, Case No.  2:12-cv-06808 (E.D. Pa.); and *Infinity Comput.Prods., Inc. v. Xerox Corp.*, Case No. 2:12-cv-06804 (E.D. Pa.); *Infinity Comput.Prods., Inc. v. Lexmark Int'l, Inc.*, Case No. 5:18-cv-198 (E.D. Ky.); and *Infinity Comput.Prods., Inc. v. Lexmark Int'l, Inc.*, Case No. 2:19-01823 (E.D.N.Y.).

is expeditiousness—particularly where, as here, multiple other cases await the Court's determination.

## II. CONCLUSION

For the foregoing reasons, Infinity requests that Oki Data's requested extension be denied and that the deadline for Oki Data's response be extended three business days to July 11, 2019.

Dated: June 27, 2019

Respectfully submitted,

*/s/ William J. Rhodunda, Jr.*
William J. Rhodunda, Jr. (No. 2774)
Chandra J. Williams (No. 4907)
Rhodunda Williams & Kondraschow
Brandywine Plaza West
1521 Concord Pike, Suite 205
Wilmington, DE 19803
Telephone: (302) 576-2000
Facsimile: (302) 576-2004
bill@rawlaw.com
chandra@rawlaw.com

Andrew G. DiNovo (admitted *pro hac vice*)
Nicole E. Glauser (admitted *pro hac vice*)
Gabriel R. Gervey (admitted *pro hac vice*)
Daniel L. Schmid (admitted *pro hac vice*)
DiNovo Price LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
adinovo@dinovoprice.com
nglauser@dinovoprice.com
ggervey@dinovoprice.com
dschmid@dinovoprice.com

***Counsel for Plaintiff***
***Infinity Computer Products Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on this June 27, 2019, using the electronic case filing (CM/ECF) for the U.S. District Court for the District of Delaware, which will send notification of such filing to all counsel of record.

/s/ *Andrew G. DiNovo*
Andrew G. DiNovo