# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., Plaintiff, v. OKI DATA AMERICAS, INC., Defendant. | C.A. No. 18-463-LPS |

## MEMORANDUM ORDER

At Wilmington this 16th day of October, 2019:

Pending before the Court is Plaintiff Infinity Computer Products, Inc.'s ("Infinity") motion for reargument or reconsideration of the Court's holding, in its June 10, 2019 claim construction Opinion (D.I. 172) and Order (D.I. 173), that the claim terms "passive link" and "computer" are indefinite. (D.I. 177) Having reviewed the parties' submissions (D.I. 178, 184, 186-1 Ex. A), **IT IS HEREBY ORDERED** that Infinity's motion for reconsideration (D.I. 177) is **DENIED** for the following reasons:

1. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. A motion for reconsideration may be granted only if the

1

movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

2. Here, Infinity does not contend that there has been an intervening change in law or that new evidence is available. (*See generally* D.I. 178) Therefore, Infinity has the burden to demonstrate a clear error of law or fact in the Court's reasoning. Infinity has not met its burden.

3. Infinity fails to show a clear error of law or fact with respect to its first contention: that the Court's interpretation of the patentee's September 26, 2002 Office Action Response ("Office Action Response") is incorrect. (*See id.* at 2-6) After a review of that Office Action Response, the Court concluded that the patentee had, in distinguishing a prior art reference (U.S. Patent No. 5,452,106 to Perkins), taken the position that the patentee's claimed "passive link" was passive from a fax machine to a computer's input/output (I/O) bus. (D.I. 172 at 8-9) Infinity now argues that the Court's conclusion was in error; to Infinity, the patentee characterized the passive link as ending at a computer *port*. (*See* D.I. 178 at 3-4) ("[T]he passive link spans the facsimile machine to the computer . . . and the computer begins at the RS 232 port . . . .") The Court is unpersuaded. For reasons explained at length in the Court's claim construction opinion (D.I. 172 at 8-11), Infinity's characterization of the patentee's argument is simply inconsistent with the Office Action Response itself, which repeatedly mentions the "I/O

2

Bus" as the endpoint of the link between the "facsimile transceiver" and the "computer."[1] (*See* D.I. 148-29 at 15 (Infinity37915)) Moreover, Infinity's position that the "passive link" ends at a computer port would not serve to distinguish Perkins. As the patentee noted (*see id.*), Perkins discloses embodiments in which a "facsimile device 3," which sits between a fax machine and a computer I/O bus, can be placed inside a computer, such that a fax machine is connected to the device via a port on the computer. (*See* Perkins, 3:59-68, 9:24-32) Thus, if the "passive link" ends at a computer ***port*** and not at the computer's I/O bus, as Infinity now suggests, Perkins would include a "passive link," rendering the patentee's distinction from Perkins nugatory. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement.").

4. Infinity also fails to demonstrate that the Court made a clear error of law or fact with respect to Infinity's second contention: that the discussion in the Office Action Response is inapposite to the claims at issue in this case, as the Response concerned a different version of the claims.[2] (*See* D.I. 178 at 6-9) Infinity contends that claim 27, as it existed at the time of the Office Action Response, had an "additional requirement" over the current claims: "that the endpoint of the passive link lead directly to the 'computer interface.'" (*Id.* at 8) To Infinity, this

---

[1] Infinity argues that the Court "conflat[es] the discussion of ***the data flow*** which permissibly continues past the passive link connection to the I/O bus – and potentially on to the CPU – with the passive link's endpoint." (D.I. 178 at 4) (emphasis in original) To the extent that the Court does so, it is because the patentee did the same in the Office Action Response. *See Tech. Properties Ltd. LLC v. Huawei Techs. Co.*, 849 F.3d 1349, 1359 (Fed. Cir. 2017) (noting that scope of patent disclaimer is commensurate with "actual arguments made").

[2] The Court notes that Infinity did not raise this argument in its original briefing (*see generally* D.I. 149, 159), and first mentioned it during the claim construction hearing (Tr. at 63-66, 76-77). The Court will nevertheless consider the argument.

3

requirement renders the Office Action Response's distinction from Perkins inapplicable to the interpretation of the asserted claims, which do not recite a "computer interface" but instead recite a "passive link" that extends to a "computer." (*Id.* at 8-9) Infinity's argument is unpersuasive. Although Claim 27 recites sending data through a "passive link" to a "computer interface," it also recites "a passive link . . . from the facsimile machine to the computer," which is essentially the same limitation as appears in the asserted claims. (*See* D.I. 148-29 at 20 (Infinity37920)) Moreover, the patentee in the Office Action Response did not make any mention of, let alone place any material significance on, the phrase "computer interface" in its distinction of the claimed invention's "passive link" from the connection in Perkins. (*See id.* at 15) Therefore, a person of ordinary skill would find the patentee's discussion of the endpoint of the "passive link" in the Office Action Response to indicate the endpoint of the "passive link" in the asserted claims. *See Fonar Corp. v. Johnson & Johnson*, 821 F.2d 627, 632 (Fed. Cir. 1987) (holding that meaning of claim term must be consistent throughout patent); *see also Acromed Corp. v. Sofamor Danek Grp., Inc.*, 253 F.3d 1371, 1382 (Fed. Cir. 2001); Tr. at 76-77 (Infinity agreeing that "a [POSA] can, and should, rely on" "any discussion in the prosecution" of "passive link," as long as Patent Office agrees with discussion).

5. Infinity's third and final contention – that the Court applied the wrong standard for patent disclaimer – also lacks merit. (*See* D.I. 178 at 9-10) Infinity seems to find a conflict between "the proposition that surrender can exceed that which is required by the prior art" (which Infinity contends the Court adopted) and the standard that disavowal must be "clear and unmistakable" (which Infinity contends the Court did not). (*Id.*) Contrary to Infinity's contention, these two points of law are not in conflict here; the patentee's distinction from Perkins on the basis of the claimed "passive link" was not ambiguous or "amenable to multiple

4

reasonable interpretations." (*See id.* at 10) Instead, in the Office Action Response, the patentee took the clear and unmistakable position that the claimed "passive link" extends from a fax machine to the I/O bus of a computer. Even if the alternative distinctions from Perkins that Infinity has made in this litigation (*see id.* at 2-9) were persuasive (they are not), Infinity cannot negate the impact of the patentee's clear and unmistakable position during prosecution. *See Tech Properties Ltd. v. Huawei Techs. Co.*, 849 F.3d 1349 (Fed. Cir. 2017).

6. For these reasons, the Court denies Infinity's motion for reconsideration of the Court's holding that "passive link" and "computer"[3] are indefinite.

*[signature]*
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[3] Infinity does not provide any additional arguments with respect to the Court's finding that the term "computer" is indefinite (D.I. 178 at 10), so Infinity's motion with respect to that term fails for the reasons explained above for "passive link."